**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

RECEIVED

2005 MAY 20  A II: 04

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| LISA BARNETTE,                                                                    * | |
| JERRY BARNETTE,                                                                 * | |
| SARA CRUZ,                                                                           * | Civil Case No. 3:05CV473-B |
| C.B., a minor, by and through his mother     * | |
| and next friend, LISA BARNETTE            * | |
| Plaintiff,                                                                  * | |
| * | |
| v.                                                                                          * | |
| * | |
| CITY OF PHENIX CITY,                                                   * | |
| OFFICER LAHR, OFFICER WALKER,          * | ***JURY TRIAL DEMANDED*** |
| OFFICER BAILEY, OFFICER NOLIN            * | |
| OFFICER MITCHELL, OFFICER                    * | |
| COREANO, OFFICER McLAUGHLIN           * | |
| OFFICER BARR, DEPUTY GROVER             * | |
| GOODRICH,  DEPUTY HEATH                     * | |
| TAYLOR,                                                                          * | |
| Defendants.                                                        * | |

## COMPLAINT

COME NOW Plaintiffs, by and through their attorney of record, and would show unto the

Court as follows:

### JURISDICTION AND VENUE

1.      Plaintiffs file this Complaint and invoke the jurisdiction of this Court under and by virtue

of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States,

42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 28 U.S.C. § 1331, 28 U.S.C. §

1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction

to obtain declaratory relief and compensatory and punitive damages.  Defendants violated

1

Plaintiffs' rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama.

2.    The violations of Plaintiffs' rights as alleged herein occurred in Russell County, Alabama, and were committed within the Eastern Division of the Middle District of the State of Alabama.

## PARTIES

3.    Plaintiff Lisa Barnette (hereinafter, "Ms. Barnette") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Russell County, Alabama.

4.    Plaintiff Jerry Barnette (hereinafter, "Mr. Barnette") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Russell County, Alabama.

5.    Plaintiff Sara Cruz (hereinafter, "Sara") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Russell County, Alabama.

6.    Plaintiff C.B. (hereinafter, "C.B.") is a minor child under the age of 19 years (in fact, he is eleven years old), and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Russell County, Alabama. C.B. is suing by and through his mother and next friend, Mrs. Lisa Barnette.

7.    Defendant City of Phenix City (hereinafter, "City") is a municipal corporation located in whole or in part in Russell County, Alabama.

8.    Defendant Officer Lahr (hereinafter, "Lahr"), a better denomination of whom is presently unknown to Plaintiffs, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City and is a person whose conduct proximately and directly harmed Plaintiffs.

9.    Defendant Officer Bailey (hereinafter, "Bailey"), a better denomination of whom is presently unknown to Plaintiffs, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City and is a person whose conduct proximately and directly harmed Plaintiffs.

10.    Defendant Officer Nolin (hereinafter, "Nolin"), a better denomination of whom is presently unknown to Plaintiffs, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City and is a person whose conduct proximately and directly harmed Plaintiffs.

11.    Defendant Officer Mitchell (hereinafter, "Mitchell"), a better denomination of whom is presently unknown to Plaintiffs, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City and is a person whose conduct proximately and directly harmed Plaintiffs.

12.    Defendant Officer Coreano (hereinafter, "Coreano"), a better denomination of whom is presently unknown to Plaintiffs, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City and is a person whose conduct proximately and directly harmed Plaintiffs.

13.    Defendant Officer McLaughlin (hereinafter, "McLaughlin"), a better denomination of whom is presently unknown to Plaintiffs, is a natural person believed to be over the age

of 19 years, is or was at all times material hereto an employee, officer or agent of the City and is a person whose conduct proximately and directly harmed Plaintiffs.

14. Defendant Officer Walker (hereinafter, "Walker"), a better denomination of whom is presently unknown to Plaintiffs, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City and is a person whose conduct proximately and directly harmed Plaintiffs.

15. Defendant Officer Barr (hereinafter, "Barr"), a better denomination of whom is presently unknown to Plaintiffs, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City and is a person whose conduct proximately and directly harmed Plaintiffs

16. Defendant Grover Goodrich (hereinafter, "Goodrich"), a better denomination of whom is presently unknown to Plaintiffs, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Sheriff of Russell County, Alabama, and is a person whose conduct proximately and directly harmed Plaintiffs.

17. Defendant Heath Taylor (hereinafter, "Taylor"), a better denomination of whom is presently unknown to Plaintiffs, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Sheriff of Russell County, Alabama, and is a person whose conduct proximately and directly harmed Plaintiffs.

18. Plaintiffs aver that there are a number of persons who acted in collusion with Lahr, Nolin, Mitchell, Bailey, Coreano, McLaughlin, Walker, Barr, Taylor, Goodrich, and the City,

officers of the Russell County Sheriff's Office and of the City's police department, whose

identities are presently unknown to Plaintiffs but who will be added as parties defendant

upon ascertainment of their true identities.

## NATURE OF PROCEEDINGS

19.    This is a proceeding for a judgment declaring the relative rights, responsibilities and

liabilities of the parties, each to the other, and for compensatory and punitive damages for

Plaintiffs' suffering as a consequence of the wrongs alleged herein.

## FACTS

20.    Plaintiffs expressly adopt as if fully set forth herein the allegations in the foregoing

paragraphs.

21.    In or about February 10, 2005, without warrant, probable cause, consent, or justification

of any sort, Bailey, Mitchell, Nolin, Coreano, McLaughlin, Lahr, Walker, Barr, Taylor,

Goodrich and officers, agents, or employees of defendant City and officers, agents, or

employees of the Sheriff of Russell County, believed to be police officers and deputy

sheriffs, and acting within the line and scope of their authority and pursuant to the policy

of the City and of the Sheriff respectively, entered upon the property lawfully occupied by

Plaintiffs.

22.    The defendants and their co-conspirators gained entry to Plaintiffs' residence by means of

breaking down the door, destroying the door and the door frame.

23.    The defendants and their co-conspirators, or one or all of them, then launched an

explosive device into the residence, which device exploded with great and destructive

effect, causing more than $5,000.00 in damage to the residence and to items of personal property belonging to Plaintiffs.

24. The defendants and their co-conspirators, cloaked in masks and assault garb and armed with assault weapons, then stormed into the residence.

25. The entry of the defendants and their co-conspirators was accompanied by great noise and commotion, greatly alarming Plaintiffs Ms. Barnette, Sara, and C.B. and subjecting them to fear and apprehension.

26. At the time of the entry of the defendants and their co-conspirators, Ms. Barnette was lying on the bed in her bedroom, Sara was in her bedroom, and C.B. was in Sara's bedroom.

27. Upon their entry, C.B. was so startled that he jumped out the window, whereupon he encountered another of the defendants or their co-conspirators who pointed an automatic weapon at him.

28. C.B. then re-entered the house by means of jumping through the window, that leading to the bedroom of Sara and he fell onto Sara, who had by then been put onto the floor.

29. C.B. sustained certain injuries in the process.

30. The defendants then held Ms. Barnette, Sara, and C.B. on the floor of the residence.

31. Plaintiffs were immobilized and guarded by certain defendants who placed their booted feet in the Plaintiffs' backs and pointed an automatic weapon at the Plaintiffs' heads.

32. Each named defendant was assisted, abetted and aided by all of the other officers present, all of whom confederated and conspired with each other to perform the acts that were violative of the legally protected rights of Plaintiffs.

33.    Each Plaintiff was emotionally and physically traumatized by the conduct of the defendants.

34.    C.B. was so shaken by the invasion that he soiled his clothing.

35.    Following the ascertainment that the person for whom they were searching was not present in the residence and, in fact, did not reside there, the officers released Ms. Barnette, Sara, and C.B.

36.    The officers then left the residence.

37.    A short while later, defendants Goodrich and Taylor returned to the residence.

38.    When they returned to the residence, Goodrich and Taylor entered the residence without a warrant and without the consent of anybody dwelling therein.

39.    Upon his entry into the residence, defendants Goodrich and Taylor declared to Ms. Barnette that they suspected that one or more of the 4-wheeled all-terrain vehicles they saw on the premises might be stolen.

40.    Mr. Barnette works in the construction business in Georgia.  In his spare time, Mr. Barnette repairs all-terrain vehicles for himself and for others.

41.    Goodrich, Taylor and other deputies seized a trailer and three of the all-terrain vehicles and left with the said chattels.

42.    Goodrich and Taylor maintained possession and control of the all-terrain vehicles until Mr. Barnette returned from Atlanta, Georgia, and was able to retrieve them on February 12, 2005.

43.    The actions of the defendants were outrageous and undertaken in direct violation of Plaintiffs' rights to be free from unreasonable searches and seizures and the use of unreasonable and excessive force.

44.    Mr. Barnette was deprived of his personal property by virtue of the seizure of the all-terrain vehicles.  He suffered damage to his residence.  He suffered damage to and loss of personal property inside the residence.  He has suffered severe emotional distress and mental anguish.

45.    Ms. Barnette was deprived of her personal property.  She suffered extensive damage to her home, furnishings, and personal effects.  She was caused to suffer apprehension, fear, and anxiety to the extent that she now requires therapy.  She has suffered great and severe emotional distress and mental anguish which continues to this day.

46.    Sara, a particularly vulnerable Plaintiff because of her disability, suffered extensive damage to her home, furnishings, and personal effects.  She was caused to suffer apprehension, fear, and anxiety.  She has suffered great and severe emotional distress and mental anguish which continues to this day.

47.    C.B. suffered extensive damage to his home, furnishings, and personal effects.  He was caused to suffer apprehension, fear, and anxiety to the extent that he now requires therapy and medication.  He has suffered great and severe emotional distress and mental anguish which continues to this day.

48.    The entry by the defendants and their co-conspirators was abrupt, violent, and attended by such use of force as to place Mrs. Barnette, Sara, and C.B. in imminent fear for their lives.

8

49. The amount of force utilized in the invasion was unreasonable and unrelated to any legitimate governmental purpose.

50. There existed no probable cause for the invasion by the defendants.

51. There existed no warrant that would have colorably justified the invasion by the defendants.

52. There existed no warrant that would have colorably justified the seizure of Plaintiffs' private property.

53. Plaintiffs were never compensated for the reasonable rental value of their private property or for the value of the damage caused to their personal property.

54. There existed no search warrant that would have permitted entry into the private residence of an innocent party for the purpose of arresting a criminal suspect.

55. Plaintiffs themselves were suspected of no crime.

56. The search of a residence without a valid warrant is presumptively unreasonable. The right of a person to retreat into his own home and there be free from unreasonable governmental intrusion stands at the very core of the Fourth Amendment.

57. It has been clear since the Supreme Court so held in *Steagald v. United States*, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981), that, absent exigent circumstances or consent, the police cannot search for the subject of an arrest warrant in the home of a third party, without first obtaining a search warrant directing entry.

58. Any reasonable law enforcement officer knows or should know that the warrantless search of a home absent exigent circumstances is violative of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

9

59.    Any reasonable law enforcement officer knows or should know that holding an innocent person on the floor with a boot in the back and a firearm to the head constitutes unreasonable and excessive force in violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

60.    Any reasonable law enforcement officer knows or should know that seizing personal property without a warrant or probable cause is violative of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

61.    Any reasonable law enforcement officer knows or should know that taking Plaintiffs' personal property without just compensation is violative of Plaintiffs' rights under the Fifth Amendment to the United States Constitution.

62.    All of the acts complained of hereinabove were undertaken under color of state law and pursuant to the policies, procedures and customs of the City and the Sheriff of Russell County.

## CAUSES OF ACTION

63.    As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – UNLAWFUL ENTRY

64.    At all times material hereto, Taylor and the other officers were acting as municipal and state law enforcement officers pursuant to State statute and the ordinances, customs, and policies of the City.

65.    Plaintiffs had a protectible interest in their freedom from unreasonable warrantless entry into their home.  They further had a right under the Fourth Amendment to the United

10

States Constitution to be secure in their persons, house, papers, and effects, against unreasonable searches and seizures.

66. Plaintiffs had a liberty and/or property right under the Fourteenth Amendment to the United States Constitution to the peaceful enjoyment of their home, and to procedural and substantive due process prior to any infringement upon that right.

67. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

68. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

69. Taylor and the officers, or each or all of them, acting in concert each with the other, entered Plaintiffs' home without a warrant, without probable cause, and without consent, in violation of the Fourth Amendment to the United States Constitution. They restrained Plaintiffs' liberty, and proceeded to enter and search the residence without a warrant, without probable cause, without consent, and without according them due process of law.

70. Taylor and the officers, or each or all of them, undertook their wrongful conduct in violation of Plaintiffs' rights to due process in derogation of their liberty and property interest in peaceful enjoyment of their home under the Fourteenth Amendment to the United States Constitution.

71. Plaintiffs' rights under the Fourth, and Fourteenth Amendments were thus impermissibly abridged and violated by the unlawful entry of the defendants into their home.

72. The City failed to adequately train and supervise the municipal police officers in proper investigative procedures, which failure amounts to deliberate indifference to the rights of

11

persons with whom the City's police officers come into contact, and which failure

constitutes a custom and policy of the City.

73.    The aforesaid conduct proximately caused damage to Plaintiffs in that it caused them to

suffer property damage, pain, suffering, embarrassment, humiliation, extreme mental

anguish and severe emotional distress, loss of time, and loss of income.

## COUNT II – UNLAWFUL SEARCH AND SEIZURE

74.    At all times material hereto, Taylor and the other officers were acting as municipal and

state law enforcement officers pursuant to State statute and the ordinances, customs, and

policies of the City.

75.    Plaintiffs had a protectible interest in their freedom from unreasonable search of their

home and seizure or destruction of their personal effects and property.  They further had a

right under the Fourth Amendment to the United States Constitution to be secure in their

persons, house, papers, and effects, against unreasonable searches and seizures.

76.    Plaintiffs had a liberty and/or property right under the Fourteenth Amendment to the

United States Constitution to the peaceful enjoyment of their home, and to procedural and

substantive due process prior to any infringement upon that right.

77.    The aforementioned rights were clearly established at the time of the conduct giving rise

to the claims herein.

78.    Any reasonable officer knows or should know that the aforementioned rights were clearly

established at the time of the conduct giving rise to the claims herein.

79.    Taylor and the officers, or each or all of them, undertook their wrongful conduct in

violation of Plaintiffs' rights to due process in derogation of their liberty and property

12

interest in peaceful enjoyment of their home under the Fourteenth Amendment to the United States Constitution.

80. Plaintiffs' rights under the Fourth, and Fourteenth Amendments were thus impermissibly abridged and violated by the unlawful entry of the defendants into their home.

81. The City failed to adequately train and supervise the municipal police officers in proper investigative procedures, which failure amounts to deliberate indifference to the rights of persons with whom the City's police officers come into contact, and which failure constitutes a custom and policy of the City.

82. The aforesaid conduct proximately caused damage to Plaintiffs in that it caused them to suffer property damage, pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress, loss of time, and loss of income.

## COUNT III – UNLAWFUL TAKING

83. Taylor and the other officers, each acting in concert with the others, seized or constructively seized, or condemned Plaintiffs' property, by to wit: destroying portions of their home, destroying or removing personal effects consisting of furnishings, carpets, memorabilia, mementoes, items of decor, and other such property.

84. Taylor, Goodrich, and other defendants, or each or all of them, seized and carried away a trailer and three all-terrain vehicles without a warrant and without probable cause to believe they were contraband, fruits or instrumentalities of a crime, or otherwise unlawfully possessed by Plaintiffs.

85. Taylor, Goodrich, and other defendants seized and carried away the aforementioned items under color of law but without warrant or official justification.

86.    At the time of the conduct complained of it was clearly established in the law that a state actor cannot seize or condemn private property without due process.

87.    Every reasonable law enforcement officer knows that it is a violation of Plaintiffs' rights under the Fifth and/or Fourteenth Amendments to the United States Constitution for a state actor to seize or condemn private property without due process.

88.    No due process was accorded to Plaintiffs prior to the seizure and/or condemnation of their personal property.

89.    Plaintiffs have been damaged thereby.

## COUNT IV – EXCESSIVE FORCE

90.    At all times material hereto, the individual defendants were acting as municipal and/or state law enforcement officer pursuant to state statute and the ordinances, customs, and policies of the City.

91.    Plaintiffs had a protectible interest in their freedom.  They further had a right under the Fourth Amendment to the United States Constitution to be secure in their persons, house, papers, and effects, against unreasonable searches and seizures.  They had a right to be free from the use of excessive and unreasonable force.

92.    The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

93.    Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

94.    The defendants, and each and all of them, violated each of the rights set forth above by placing their hands and feet on Plaintiffs and pointing firearms at them.

14

95.   The officers touched, assaulted, seized, imprisoned, and detained Ms. Barnette without a warrant, without probable cause, without consent, and without according her due process of law.

96.   The officers touched, assaulted, seized, imprisoned, and detained C.B. without a warrant, without probable cause, without consent, and without according him due process of law.

97.   The officers touched, assaulted, seized, imprisoned, and detained Sara without a warrant, without probable cause, without consent, and without according her due process of law.

98.   The officers used excessive and unreasonable force against Ms. Barnette by holding her down and pointing a firearm at her.

99.   The officers used excessive and unreasonable force against C.B. by holding him down and pointing a firearm at him.

100.   The officers used excessive and unreasonable force against Sara by holding her down and pointing a firearm at her.

101.   Plaintiff's rights under the Fourth Amendment were thus impermissibly abridged and violated.

102.   Plaintiffs – innocents all – were assaulted and battered, subjected to fear and apprehension of more serious batteries, were embarrassed, humiliated, and suffered great and severe emotional distress and mental anguish.

### COUNT V – CONSPIRACY TO VIOLATE CIVIL RIGHTS

103.   Pursuant to 42 U.S.C. § 1985(3), it is unlawful to enter into a conspiracy to deprive any person of the rights and privileges of a citizen.

104.   The Fourth Amendment to the Constitution secures to Plaintiffs – and all citizens – the right to be secure in their persons, house, papers, and effects, against unreasonable searches and seizures.  The same amendment conferred upon them a right to be free from the use of excessive and unreasonable force.

105.   The aforementioned rights were clearly established at the time of the conduct herein complained of.

106.   The defendants and the officers and deputies acting in concert with them, and each and all of them, knew or should have known that the aforementioned rights were clearly established.

107.   The defendants and the officers and deputies acting in concert with them, and each and all of them, confederated and conspired to deprive Plaintiffs of the rights set forth above, in violation of 42 U.S.C. § 1985(3).

108.   Plaintiffs have been damaged thereby as herein recited.

### COUNT VI – NEGLECT TO PREVENT VIOLATION OF CIVIL RIGHTS

109.   Pursuant to 42 U.S.C. § 1986, a person who has knowledge of a conspiracy to violate civil rights under § 1985 and who has the power to prevent or aid in preventing the commission of wrongful acts is liable for damages if he fails or refuses to do so.

110.   Each and every law enforcement officer at Plaintiffs' residence at the time and on the date in question had knowledge of the conspiracy to violate Plaintiffs' civil rights and had the power to prevent or aid in preventing the wrongful acts made the subject of the conspiracy.

111.   Plaintiffs were damaged as otherwise described herein.

16

112.    The individual defendants and those acting in concert with them and those who knew of
the defendants wrongful conduct but failed or refused to prevent it or aid in preventing it
are liable to Plaintiffs for the damages they suffered.

## COUNT VII – TRESPASS

113.    At the time and on the date at issue, Plaintiffs had an unquestioned right to the quiet
enjoyment of their property, the same being both realty and personalty.

114.    The property at issue was properly and lawfully held and occupied by Plaintiffs.

115.    The defendants entered upon the lands and residence held and occupied by Plaintiffs
without consent or lawful process.

116.    The defendants' entry upon Plaintiffs' lands and residence and trespass to their lands and
chattels interfered with their right to quiet enjoyment of their property.

117.    The defendants' trespass caused damage to Plaintiffs as otherwise herein described.

118.    In effecting their trespass, the defendants were carrying out a policy, practice, or custom
of the City and were acting on behalf of the City.

119.    All defendants are liable to Plaintiffs for the damages resulting from the said trespass.

## COUNT VIII – ASSAULT AND BATTERY

120.    On the date and at the time of the conduct made the subject of this action, the defendants
touched Ms. Barnette in rudeness, in anger, or in a hostile manner, by touching her person
and pointing a firearm at her head.

121.    On the date and at the time of the conduct made the subject of this action, the defendants
touched C.B. in rudeness, in anger, or in a hostile manner, by touching his person and
pointing a firearm at his head.

122.  On the date and at the time of the conduct made the subject of this action, the defendants touched Sara in rudeness, in anger, or in a hostile manner, by touching her person and pointing a firearm at her head.

123.  Each Plaintiff suffered damages as otherwise herein described as a direct and proximate result of the assault and battery by the defendants.

### COUNT IX – INVASION OF PRIVACY

124.  At the time and on the date in question, Ms. Barnette had a protectible interest in her seclusion and solitude as to her person and private affairs.

125.  At the time and on the date in question, Sara had a protectible interest in her seclusion and solitude as to her person and private affairs.

126.  At the time and on the date in question, C.B. had a protectible interest in his seclusion and solitude as to his person and private affairs.

127.  The defendants, by physical intrusion, intentionally interfered with the right to privacy of Ms. Barnette, C.B., and Sara.

128.  The intrusion would be – and was – highly offensive to a reasonable person.

129.  Ms. Barnette, C.B., and Sara were damaged by the conduct of the defendants in derogation of their right to privacy as otherwise described herein.

### COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

130.  The defendants, and each and all of them, either intended to inflict emotional distress on Plaintiffs, or they should have known that emotional distress was the likely result of their conduct.

131. The course of conduct by which the defendants battered down the door of a residence, set off an explosive device inside, forced the occupants to the floor, and held guns to their heads was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

132. The actions of the defendants were the cause of the emotional distress suffered by Ms. Barnette, C.B., and Sara.

133. The emotional distress suffered by Ms. Barnette was severe.

134. The emotional distress suffered by Sara was severe.

135. The emotional distress suffered by C.B. was severe.

## COUNT XI – CONVERSION AND/OR INTERMEDDLING WITH CHATTELS

136. At the time and on the date of the conduct complained of, Plaintiffs held a valid possessory interest in the contents of their homes and the all-terrain vehicles and trailer at their residence.

137. The defendants converted or intermeddled with numerous items of furnishings, decor, mementoes and memorabilia inside Plaintiffs' residence by damaging them with an explosive device.

138. The defendants, or some or all of them, converted Plaintiffs' all-terrain vehicles and trailer by towing the said property away and impounding it on the thinly-veiled pretext that some or all of it "might be" stolen.

139. The defendants are liable over to Plaintiffs for all harm and damages caused to real and personal property through the conduct complained of herein.

19

## COUNT XII – NEGLECTFULNESS, UNSKILLFULNESS OR CARELESSNESS

140.    The agents, employees, or officers of the City carried out their duties on the date and at the time in the conduct giving rise to this action in a neglectful, unskillful, or careless manner.

141.    The neglectfulness, unskillfulness, or carelessness of the agents, employees, or officers of the City directly and proximately damaged Plaintiffs in the manner and to the degree as hereinabove recited.

142.    The City is liable over to Plaintiffs for the neglectfulness, unskillfulness, or carelessness of the agents, employees, or officers of the City.

## COUNT XIII – FALSE ARREST, FALSE IMPRISONMENT

143.    The individual defendants detained Ms. Barnette, prohibited her from leaving, circumscribed her physical liberty, ordered her and compelled her to go from place to place without a warrant and with neither reasonable suspicion nor probable cause to do so.

144.    The individual defendants detained Sara, prohibited her from leaving, circumscribed her physical liberty, ordered her and compelled her to go from place to place without a warrant and with neither reasonable suspicion nor probable cause to do so.

145.    The individual defendants detained C.B., prohibited him from leaving, circumscribed his physical liberty, ordered him and compelled him to go from place to place without a warrant and with neither reasonable suspicion nor probable cause to do so.

146.    Each of the above Plaintiffs was, in effect, placed under arrest and imprisoned without warrant and without probable cause.

147.   Ms. Barnette has been damaged thereby, as set forth hereinabove.

148.   C.B. has been damaged thereby, as set forth hereinabove.

149.   Sara has been damaged thereby, as set forth hereinabove.

**PRAYER FOR RELIEF**

WHEREFORE, THE PREMISES CONSIDERED, Plaintiffs pray for relief as follows:

a)   Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USC.A §§ 1983, 1985, and 1986, and the common law of Alabama;

b)   Grant Compensatory damages in favor of Ms. Barnette as against all defendants of $1,000,000;

c)   Grant Punitive damages to Ms. Barnette against all defendants in the amount of $1,000,000;

d)   Grant Ms. Barnette the cost of this action including reasonable attorneys' fees;

e)   Grant Compensatory damages in favor of C.B. as against all defendants of $1,000,000;

f)   Grant Punitive damages to C.B. as against all defendants in the amount of $1,000,000;

g)   Grant C.B. the cost of this action including reasonable attorneys' fees;

h)   Grant Compensatory damages in favor of Sara as against all defendants of $1,000,000;

i)   Grant Punitive damages to Sara against all defendants in the amount of $1,000,000;

j)   Grant Sara the cost of this action including reasonable attorneys' fees;

k)   Grant Compensatory damages in favor of Mr. Barnette as against all defendants of $100,000;

l)   Grant Punitive damages to Mr. Barnette against all defendants in the amount of $100,000;

m)   Grant Mr. Barnette the cost of this action including reasonable attorneys' fees;

n)   Grant as to all Plaintiffs such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the 20 day of May, 2005.

JAY LEWIS (LEW031)
K. ANDERSON NELMS (NEL022)
Plaintiff's Attorneys

LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)

**PLAINTIFFS DEMAND TRIAL BY JURY**