IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LISA BARNETTE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:05-cv-473-DRB |
| ) | |
| PHENIX CITY, ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS GROVER GOODRICH AND HEATH TAYLOR'S
MEMORANDUM BRIEF IN SUPPORT OF
THEIR MOTION FOR PARTIAL DISMISSAL**

COME NOW Grover Goodrich, Deputy Sheriff of Russell County, Alabama, and Heath Taylor, Deputy Sheriff of Russell County, Defendants in the above-styled cause, and submit the following memorandum of law in support of their Motion for Partial Dismissal. Dismissal is appropriate in that Plaintiffs' Complaint, and its component parts, separately and severally, fails to state a claim against this Defendant upon which relief can be granted.

**INTRODUCTION**

The Plaintiffs filed their Complaint on May 20, 2005, alleging violations of their Fourth, Fifth, and Fourteenth Amendment rights as well as conspiracy claims and state law claims for assault and battery, trespass, invasion of privacy, intentional infliction of emotional distress, false arrest, and conversion against these Defendants. See Plaintiffs' Complaint, ¶¶ 1, 64-73, 74-82, 83-89, 90-102, 103-108, 109-119, 130-135, 136-142, 143-149. A motion to dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Harper v. Blockbuster

Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The plaintiffs' pleading standard is "heightened" when claims are made against government officials in their individual capacities. See GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 67 (11th Cir. 1998) ("Accordingly, when reviewing a district court's disposition of a motion to dismiss a § 1983 claim on qualified immunity grounds, we are guided both by the regular 12(b)(6) standard and by the heightened pleading requirement."). Even taking all of Plaintiffs' conclusory allegations as true, these claims are nonetheless due to be dismissed on the legal grounds set out below.

## ARGUMENT

I. **PLAINTIFFS' CLAIMS AGAINST DEPUTY GOODRICH AND DEPUTY TAYLOR IN THEIR OFFICIAL CAPACITIES ARE IN ESSENCE A SUIT AGAINST THE STATE OF ALABAMA AND DUE TO BE DISMISSED.**

   A. **Plaintiffs' claims under 42 U.S.C. § 1983 against Deputy Goodrich and Deputy Taylor, in their official capacities as deputy sheriffs of Russell County, Alabama are barred by the Eleventh Amendment to the United States Constitution as such would be a claim against the State of Alabama.**

Section 1983 claims against state officials may be brought against a state official in his or her personal or official capacity. The two claims are very different. In Kentucky v. Graham, 473 U.S. 159 (1985), the Court explained the difference:

> Personal-capacity suits seek to impose personal liability upon a governmental official for actions he takes under color of state law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.

2

Id. at 165-66 (citations omitted); see also Hafer v. Melo, 502 U.S. 21, 25 (1991). "[O]fficial capacity suits represent 'only another way of pleading an action against an entity of which an officer is an agent,' and a victory against a named individual in an official capacity suit is 'a victory against the entity that employs him.'" Hobbs v. Roberts, 999 F.2d 1526, 1530 (11th Cir. 1993) (quoting Kentucky v. Graham, 473 U.S. at 167-68.

Pursuant to Article I, § 112 of the Alabama Constitution, the sheriff of Russell County is an executive officer of the State of Alabama. Grover Goodrich and Heath Taylor, as deputy sheriffs, are considered the alter ego of the sheriff. See Carr v. City of Florence, Ala., 916 F.2d 1521, 1525-27 (11th Cir. 1990). Therefore, a suit against Deputy Goodrich and Deputy Taylor in their official capacities is in essence a suit against the State of Alabama. The Plaintiffs' claims against Deputy Goodrich and Deputy Taylor, in their official capacities, are due to be dismissed for lack of subject matter jurisdiction, as such is barred by the Eleventh Amendment to the United States Constitution. See Carr, 916 F.2d at 1525-27 (holding that sheriff's Eleventh Amendment immunity extends to deputy sheriffs because of their traditional function under Alabama law as the sheriff's alter ego); see also Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding sheriff sued in official capacity entitled to Eleventh Amendment immunity); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding sheriff sued in official capacity entitled to Eleventh Amendment immunity); Dean v. Barber, 951 F.2d 1210, 1215 n.5 (11th Cir. 1992); Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1429 (11th Cir. 1997).

**B.      Deputy Goodrich and Deputy Taylor, as sued in their official capacities as deputy sheriffs of Russell County, Alabama are not "persons" within the meaning of 42 U.S.C. § 1983.**

42 U.S.C. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983. The United States Supreme Court has held that a state official sued in his or her official capacity is not a "person" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Plaintiffs' claims against Goodrich and Taylor in their official capacity are due to be dismissed because they are not a "person" under § 1983, and therefore, the claims against them fail to state a claim upon which relief can be granted. Id.; Carr, 916 F.2d at 1525 n.3 (citing Will v. Michigan Dep't of State Police and noting that, in addition to entitlement to Eleventh Amendment immunity, "neither a State nor its officials acting in their official capacities are a 'person' under § 1983"). Consequently, these claims against Deputy Goodrich and Deputy Taylor are due to be dismissed.

**II.     THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

The Plaintiffs have failed to establish a constitutional violation by Goodrich and Taylor. The Plaintiffs merely allege that "defendants" did various things which damaged the Plaintiffs. Such vague and conclusory allegations are insufficient to state a claim under § 1983. See Fulman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

Even if the Plaintiffs had alleged a constitutional violation, the burden is on the Plaintiffs to demonstrate that the law "in factual terms staked out in a bright line" that the Defendant's conduct was unlawful. Lassiter v. Alabama A&M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). Qualified immunity provides complete protection for government officials sued in their individual capacities as long as "their conduct violates no 'clearly

4

established statutory or constitutional rights of which a reasonable person would have known.'" Lassiter, 28 F.3d at 1149 (11th Cir. 1994) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In order for the law to be "clearly established," it must have been developed at the time of the alleged violation "in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." Id. (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Defendants have a right to a determination of this issue before he is subjected to the requirements of a lawsuit, including a limitation or prohibition on discovery.

Mere statements of broad legal truisms, such as those made by the Plaintiffs in their Complaint, are not sufficient to overcome qualified immunity. Post v. City of Ft. Lauderdale, 7 F.3d 1557 (11th Cir. 1993). As such, these claims are due to be dismissed.

### III. THE PLAINTIFFS' FIFTH AMENDMENT CLAIMS ARE DUE TO BE DISMISSED.

The Plaintiffs allege violations of their Fifth Amendment rights against Deputy Goodrich and Deputy Taylor. See Plaintiffs' Complaint, ¶¶ 1, 87. The Fifth Amendment's due process clause does not apply to state and local governments, but rather applies only to the federal government. See Knoetze v. United States Dep't of State, 634 F.2d 207, 211 (5th Cir. Unit B 1981).[1] As illustrated above, Deputy Goodrich and Deputy Taylor are state actors. The Plaintiffs do not allege that Deputy Goodrich and Deputy Taylor are agents of the federal government. Thus, the Plaintiffs' Fifth Amendment claim is due to be dismissed.

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (decisions handed down before close of business September 30, 1981 are binding precedent the on Eleventh Circuit).

IV.  **THE PLAINTIFFS' FOURTEENTH AMENDMENT SUBSTANTIVE AND PROCEDURAL DUE PROCESS CLAIMS ARE DUE TO BE DISMISSED AS A MATTER OF LAW.**

Counts One and Two of the Plaintiffs' Complaint allege an improper search and seizure by the Defendants. The Plaintiffs characterize these claims as a violation of both the Fourth Amendment and due process under the Fourteenth Amendment. The Plaintiffs' claims based upon the due process clause of the Fourteenth Amendment are due to be dismissed regardless of whether they attempt to assert substantive or procedural rights.

Turning first to substantive due process, "where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" Albright v. Oliver, 510 U.S. 266, 273 (1994) (citation omitted). In Albright, the Court specifically held that the proper claim in an unreasonable search and seizure case is a Fourth Amendment claim and not a Fourteenth Amendment Substantive Due Process Claim. "The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." 510 U.S. at 274. Accordingly, as the Fourth Amendment explicitly governs the Plaintiffs' search and seizure claim, their substantive due process Fourteenth Amendment claims against these Defendants are due to be dismissed.

In order to establish a procedural due process claim under the Fourteenth Amendment to the United States Constitution, a plaintiff must allege that state law provides him no adequate remedy. The Plaintiffs in this matter make no such allegation. "[P]rocedural due process violations do not even exist unless no adequate state remedies are available." Cotton v. Jackson, 216 F.3d 1328, 1331

n.2 (11th Cir. 2000). "Plaintiff's procedural due process claim is due to be dismissed because it has failed to allege that the State does not provide adequate procedures to remedy the alleged procedural deficit, and the Court finds that the State of Alabama provides a remedy for this type of contract action." R.E. Grills Const. Co., Inc. v. Ala. Dep't of Transp., 198 F. Supp. 2d 1297, 1301 (N.D. Ala. 2002) (citing Cotton v. Jackson, 216 F.3d at 1331). See also Tinney v. Shores, 77 F.3d 378, 382 (11th Cir. 1996) ("Under Parratt and Hudson, the Tinneys have failed to state a valid procedural due process claim because they have not alleged that Alabama law provided them with an inadequate post-deprivation remedy."). Consequently, the instant Plaintiffs' Fourteenth Amendment procedural due process claims are due to be dismissed.

## V.  THE PLAINTIFFS' CONSPIRACY CLAIMS ARE DUE TO BE DISMISSED.

The Plaintiffs allege a claim for conspiracy under § 1983, § 1985, and § 1986. These claims are due to be dismissed for two reasons. First, 42 U.S.C. § 1983 is not a source of substantive rights. Wilson v. Garcia, 471 U.S. 261, 271 (1985); Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 617-618 (1979). As such, there is no cause of action for conspiracy to violate 42 U.S.C. § 1983.

Second, the Plaintiffs do not allege facts sufficient to maintain a § 1985 claim. In order to maintain a §1985 conspiracy claim, the Plaintiff must allege:

> 1) a conspiracy; 2) for the purpose of depriving . . . any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott, 463 U.S. 825, 828-29 (1983). Bald assertions of a conspiracy, such as the ones the Plaintiff makes in their

Complaint, without any stated factual basis are not enough to sustain this claim. "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed. . . . A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984).

42 U.S.C. § 1986 provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so." 42 U.S.C. § 1986. Section 1986 claims are therefore derivative of §1985 violations. Thus, one cannot establish a violation of § 1986 without first establishing a violation of § 1985. Because the Plaintiffs cannot establish a § 1985 conspiracy claim, they also cannot establish a claim under § 1986.

## VI. ALL CLAIMS FOR INJUNCTIVE RELIEF ARE DUE TO BE DISMISSED DUE TO LACK OF STANDING.

The Plaintiffs state in the Complaint that they see "declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution[.]"

The Plaintiffs cannot overcome the nearly insuperable bar of establishing sufficient standing as a prerequisite to the obtaining of injunctive relief, as described by the United States Supreme Court in City of Los Angeles v. Lyons, 461 U.S. 95 (1983). In City of Los Angeles v. Lyons, 461 U.S. 95 (1983), the Court explained that,

> [i]n order to establish an actual controversy in this case, Lyons would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either (1) that *all* police officers in Los Angeles *always* choke any citizen with whom they happen to have an encounter, but for the purpose of arrest, issuing of citation, or for questioning, or (2) that the city ordered or authorized police officers to act in such a manner.

Id. at 105-06. Injunctive relief was denied because Lyons failed to establish that he "faced a realistic threat from the future application of the City's policy." Id. at 106 n.7.

Applying the Court's holding in Lyons to the instant case, the Plaintiffs would have to prove that they (or their minor children) would have another encounter with these Defendants and further prove that either (1) these Defendants *always* violate citizens' rights when given the opportunity or (2) that the sheriff encourages or authorizes his officers to act as the officers are alleged to have acted in this matter.

The fact that the Plaintiffs do not even allege further problems with these Defendants since the incident made the basis of this Complaint is incontrovertible evidence that they lack sufficient standing for injunctive relief. Therefore, Plaintiffs' claims for injunctive relief against these Defendants are due to be dismissed.

### VII. ALL CLAIMS FOR DECLARATORY JUDGMENT ARE DUE TO BE DISMISSED BECAUSE THERE HAS NOT BEEN A VIOLATION OF THE PLAINTIFFS' CONSTITUTIONAL RIGHTS

The Plaintiffs state that they seek "Declaratory Judgment," but they do not indicate whether they seek such relief under federal (42 U.S.C. § 1988) or state law (Ala. Code § 6-6-220 (1975) et seq.). Assuming that various jurisdictional barriers do not defeat this request for declaratory judgment, this Court must still determine whether the Plaintiffs are entitled to the particular relief sought. Thus, the Plaintiffs' request for "declaratory judgment" is merely a request for a ruling on the merits of these claims. Because of the arguments *infra* and *supra*,

9

such a "declaratory judgment" is unnecessary because there has been no violation of a constitutional right allegedly committed by these Defendants.

VIII. **PLAINTIFFS' STATE LAW CLAIMS AGAINST DEPUTY GOODRICH AND DEPUTY TAYLOR, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, ARE DUE TO BE DISMISSED.**

   A. **Deputy Goodrich and Deputy Taylor are entitled to absolute sovereign immunity.**

It is a long-held principle of law in the State of Alabama, that Alabama sheriffs and deputy sheriffs cannot be sued for money damages when acting within the line and scope of their duties. See Ex parte Haralson, 853 So. 2d 928 (Ala. 2003); Parker v. Amerson, 519 So. 2d 442 (Ala. 1987). The Supreme Court has analyzed when *equitable remedies* are available:

> A sheriff is an executive officer of the state of Alabama, who is immune from suit under Article I, § 14, Alabama Constitution of 1901, in the execution of the duties of his office, except for actions brought (1) to *compel* him to perform his duties, (2) to *compel* him to perform ministerial acts, (3) to *enjoin* him from enforcing unconstitutional laws, (4) to *enjoin* him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

Id. at 442-43.

Since Parker, the Alabama Supreme Court and Courts of Civil Appeals have repeatedly followed this reasoning and found sovereign immunity barred state law claims for money damages against sheriffs and deputy sheriffs. See Hereford v. Jefferson County, 586 So. 2d 209 (Ala. 1991); Crocker v. Shelby County, 604 So. 2d 350 (Ala. 1992); Wright v. Bailey, 611 So. 2d 300 (Ala. 1992); King v. Colbert County, 620 So. 2d 623, 626 (Ala. 1993); Boshell v. Walker County Sheriff, 598 So. 2d 843, 844 (Ala. 1992); Drain v. Odom, 631 So. 2d 971 (Ala. 1994); Alexander v. Hatfield, 652 So. 2d 1142 (Ala. 1994); Karrick v. Johnson, 659 So. 2d 77 (Ala. 1995); Ex parte

Purvis, 689 So. 2d 794 (Ala. 1996); Caldwell v. Brogden, 678 So. 2d 1148 (Ala. Civ. App. 1996); Whitten v. Lowe, 677 So. 2d 778 (Ala. Civ. App. 1995); Ex parte Haralson, 853 So. 2d 928 (Ala. 2003); see also Carr v. City of Florence, Ala., 960 F.2d 1521, 1525 (11th Cir. 1990); Tinney v. Shores, 77 F.3d 378, 383 (11th Cir. 1996); McMillian v. Johnson, 88 F.3d 1573, 1578 (11th Cir. 1996), aff'd sub nom. McMillian v. Monroe County, Ala., 520 U.S. 781, 789 (1997); Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1429 (11th Cir. 1997).[2]

Deputy Goodrich and Deputy Taylor are protected by sovereign immunity in both their official capacity and individual capacity. As the Eleventh Circuit ruled in Tinney v. Shores, "[u]nder Alabama law, sheriffs and deputy sheriffs, in their official capacities and individually, are absolutely immune from suit when the action is, in effect, one against the state." 77 F.3d at 383; see also Alexander v. Hatfield, 652 So. 2d 1142 (Ala. 1994).

In Alexander v. Hatfield, the Supreme Court of Alabama noted that under Article I, § 14, the *only* exceptions to a sheriff's immunity from suit are actions brought to *enjoin* the sheriff's conduct. 652 So. 2d at 1143. Because the sheriff in Alexander was being sued for damages and not injunctive relief, the Court held that the exceptions to Section 14 were inapplicable and therefore the sheriff was immune from suit. Id. Similarly, in Karrick v. Johnson, the Court reaffirmed that suit is barred against a sheriff or deputy sheriff unless an exception set out in Parker, and Alexander, exists. 659 So. 2d at 79. In Ex parte Purvis, the Court reiterated this principle. In fact, Justice Houston concurred specially to emphasize that because the plaintiffs were seeking only money damages, none of the exceptions to a sheriff's or deputy sheriff's sovereign immunity under Art. I, §

---

[2] The Alabama Supreme Court's decision in Ex parte Cranman, 792 So. 2d 392 (Ala. 2000) on state agent left unaltered this line of cases. See id. at 396 n.2; Ex parte Haralson, 853 So. 2d at 931.

14, of the Constitution applied. 684 So. 2d at 796 (Houston, J. concurring specially). Likewise no such exception is applicable here as the Plaintiffs' suit is one for money damages only. Under Alabama law, a suit for money damages against a sheriff in the State of Alabama, for actions undertaken in the performance of his official duties is absolutely barred. Thus, Deputy Goodrich and Deputy Taylor are entitled to sovereign immunity, and all of the Plaintiffs' state law claims are due to be dismissed.

  **B.** **The Eleventh Amendment bars jurisdiction over the Plaintiffs' state law claims.**

The Plaintiffs' state law claims are also due to be stricken for lack of subject matter jurisdiction. As discussed above, Deputy Goodrich and Deputy Taylor are executive officers of the State of Alabama. As such, any claims brought against them are claims against the State. The Eleventh Amendment bars any claims, including state law claims, brought against a state or its officials in the absence of state consent. See Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984) (holding Eleventh Amendment barred state law claims brought in district court under pendent jurisdiction). The Plaintiffs have not alleged there has been a waiver of Eleventh Amendment immunity nor has the State consented to this suit. Consequently, the Plaintiffs' claims are barred and due to be dismissed.

## CONCLUSION

Based upon the foregoing, Defendants Deputy Sheriff Grover Goodrich and Deputy Sheriff Heath Taylor request that this Court grant their Motion to Dismiss and grant unto them costs and attorney's fees pursuant to law and 42 U.S.C. § 1988.

Respectfully submitted this 20th day of June, 2005.

> **s/C. Richard Hill, Jr.**
> KENDRICK E. WEBB Bar No. WEB022
> C. RICHARD HILL, JR. Bar No. HIL045
> Attorneys for Defendants Heath Taylor and Grover Goodrich
> WEBB & ELEY, P.C.
> Post Office Box 240909
> Montgomery, Alabama 36124
> Telephone: (334) 262-1850
> Fax: (334) 262-1889
> E-mail: rhill@webbeley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on **June 20, 2005**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Jay Lewis, Esq., Keith Anderson Nelms, Esq., James Paul Graham, Jr., Esq., and James Robert McKoon, Jr., Esq.**

> **s/C. Richard Hill, Jr.**
> OF COUNSEL