IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LISA BARNETTE, * | |
| JERRY BARNETTE, * | |
| SARA CRUZ, * | |
| C.B., a minor, by and through his mother * | |
| and next friend, LISA BARNETTE * | |
|     Plaintiff, * | |
| * | |
|     v. * | Civil Case No. 3:05-CV-473-DRB |
| * | |
| CITY OF PHENIX CITY, * | |
| OFFICER LAHR, OFFICER WALKER, * | |
| OFFICER BAILEY, OFFICER NOLIN, * | |
| OFFICER MITCHELL, OFFICER * | |
| COREANO, OFFICER McLAUGHLIN * | |
| OFFICER BARR, DEPUTY GROVER * | |
| GOODRICH, DEPUTY HEATH * | |
| TAYLOR, * | |
|     Defendants. * | |

**PLAINTIFFS' RESPONSE TO DEFENDANT GROVER GOODRICH AND
DEFENDANT HEATH TAYLOR'S MOTION FOR PARTIAL DISMISSAL**

COMES NOW Plaintiffs, in the above styled cause, by and through their counsel of record, and respond to the defendant GROVER GOODRICH and the defendant HEATH TAYLOR'S motion to dismiss as follows:

**LEGAL ARGUMENT**

**I.  ARGUMENT- RULE 12(b)(6) MOTION TO DISMISS STANDARD OF REVIEW**

A Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint.  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint."  *Gilmore v. Day*, 125 F. Supp. 2d 468, 471 (M.D. Ala.

1

2000) (citing to *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In evaluating a motion to dismiss, the court "must accept the facts pleaded as true and construe them in a light favorable to plaintiffs." *Quality Foods De Centro America, S.A. v. Latin...*, 711 F. 2d 989, 994-995 (11th Cir. 1983). "[T]he threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *Id.* at 995.

## II. ARGUMENT- ELEVENTH AMENDMENT IS INAPPLICABLE IN THE PRESENT CASE BECAUSE PLAINTIFFS ARE NOT SUING DEFENDANTS GOODRICH AND TAYLOR IN THEIR OFFICIAL CAPACITIES

The defendants, Goodrich and Taylor, state that this court lacks subject matter jurisdiction to hear Plaintiffs' 42 U.S.C. § 1983 claims because the Eleventh Amendment to the United States Constitution bars such suits against the defendants in their official capacities.

Plaintiffs state that the sovereign immunity protection of the Eleventh Amendment is inapplicable in the present case because Plaintiffs are not asserting a claim of state liability. Plaintiffs have brought suit against Goodrich and Taylor in their individual, personal capacity, not in their official capacity. As the Supreme Court and Eleventh Circuit have held, "the Eleventh Amendment does not protect state employees sued in their individual capacity for employment-related acts." *Jackson v. Georgia Dept. of Transp.*, 16 F. 3d 1573, 1576 (11th Cir. 1994) (citing to *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991); *Hobbs v. Roberts*, 999 F. 2d 1526, 1527 (11th Cir. 1993). Accordingly, the defendants' motion to dismiss Plaintiffs 42 U.S.C. § 1983 claims based on the Eleventh Amendment should be denied.

## III. ARGUMENT- HEIGHTENED PLEADING IS NOT REQUIRED, BUT ASSUMING, ARGUENDO, IT IS, PLAINTIFFS HAVE MET THEIR BURDEN and the DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

The Supreme Court of the United States has unequivocally rejected the "heightened

pleading" standard adopted (and maintained with dogged fervor) in the Eleventh Circuit. In *Leatherman v. Tarrant County Narcotics and Intelligence Coordination Unit*, 507 U.S. 163 (1993), the Court said:

> To establish municipal liability under § 1983, respondents argue, a plaintiff must do more than plead a single instance of misconduct. This requirement, respondents insist, is consistent with a plaintiff's Rule 11 obligation to make a reasonable prefiling inquiry into the facts.
> But examination of the Fifth Circuit's decision in this case makes it quite evident that the "heightened pleading standard" is just what it purports to be: a more demanding rule for pleading a complaint under § 1983 than for pleading other kinds of claims for relief. See 954 F.2d, at 1057- 1058. This rule was adopted by the Fifth Circuit in *Elliott v. Perez*, 751 F.2d 1472 (1985), and described in this language:
>> "In cases against governmental officials involving the likely defense of immunity we require of trial judges that they demand that the plaintiff's complaints state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." Id., at 1473.
> In later cases, the Fifth Circuit extended this rule to complaints against municipal corporations asserting liability under § 1983. See, e.g., *Palmer v. San Antonio*, 810 F.2d 514 (1987).
> We think that it is impossible to square the "heightened pleading standard" applied by the Fifth Circuit in this case with the liberal system of "notice pleading" set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), we said in effect that the Rule meant what it said:
> "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.*, at 47, 78 S.Ct., at 103 (footnote omitted).
> Rule 9(b) does impose a particularity requirement in two specific instances. It provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, the Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983. *Expressio unius est exclusio alterius*.
> The phenomenon of litigation against municipal corporations based on claimed

> constitutional violations by their employees dates from our decision in *Monell*, supra, where we for the first time construed § 1983 to allow such municipal liability. Perhaps if Rules 8 and 9 were rewritten today, claims against municipalities under § 1983 might be subjected to the added specificity requirement of Rule 9(b). But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation. In the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.

*Leatherman*, 507 U.S. at 167-169.

Assuming, *arguendo*, that a heightened pleading requirement exists in this Circuit, Plaintiffs have met their burden. Courts in this Circuit have suggested when analyzing a defendant's 12 (b)(6) motion and qualified immunity defense that the threshold issue for the court is whether under a motion to dismiss "a plaintiff established the violation of a constitutional right." *Wooten v. Campbell*, 49 F. 3d 696, 699, n. 3 (11th Cir. 1995). The defendants are immune from liability under the qualified immunity defense if the complaint fails to state a violation of a clearly established statutory or constitutional right of which a reasonable person would have known. See *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The heightened pleading requirement for stating a claim of relief in a § 1983 action consists of alleging two elements with some factual detail: (1) that plaintiff was deprived of rights, privileges or immunities secured by the Constitution and laws of the United States, and (2) that a person acting under color of law caused the deprivation, either by an act or omission. *Wideman v. Shallowford Community Hosp., Inc.*, 826 F. 2d 1030, 1032 (11th Cir. 1987).

Plaintiffs have pled – in exhaustive detail – how the defendants unlawfully entered and searched Plaintiffs' residence violating certain enumerated rights, when the defendants committed these acts, where the acts occurred, and what damage resulted from the defendants'

acts.  Plaintiffs assert that they have satisfactorily pleaded that the defendants Goodrich and Taylor, both deputy sheriffs, acted under color of state law.  The acts alleged by the Plaintiffs occurred while the defendants Goodrich and Taylor were acting under the colorable authority of their positions as Deputy Sheriffs for Russell County.

  The argument by the defendants that "[t]he Plaintiffs merely allege that 'defendants' did various things which damaged the Plaintiffs" is untrue.  Plaintiffs set forth in paragraph 21 of their complaint the full list of defendants named specifically.  Plaintiffs, as a time saving measure, merely refer to this list of defendants by the terms "defendants and their co-conspirators," "defendants," and/or "each named defendant."  Plaintiffs also single out "Goodrich and Taylor," "Goodrich and Taylor and other deputies," and/or "Taylor, Goodrich, and other defendants" in paragraphs 37, 38, 39, 41, 42, 84, 85 of their complaint, as well as "Taylor," "Taylor and the other officers," and/or "Taylor and the officers" in paragraphs 64, 69, 70, 74, 79, 83 of their complaint.  The complaint sufficiently connects deprivations of Plaintiffs' rights with the acts or omissions of defendants Goodrich and Taylor.

  The defendants aver that Plaintiffs have not met their burden of "heightened pleading," but a careful reading of their motion to dismiss reveals nary a trace of how or in what way Plaintiffs have not stated their claims "with factual detail and particularity."  Indeed, Plaintiffs have done all that could be asked to vindicate the purpose of "heightened pleading."

  The defendants assert that they are entitled to qualified immunity on Plaintiff's § 1983 claims, because the Plaintiffs have failed to establish a constitutional violation by Goodrich and Taylor.  As the defendants state, the constitutional violation must be "clearly established."  A right is "clearly established" when "[t]he contours of the right [are]... sufficiently clear that a

5

reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). "Clearly established" does not mean that "the very action in question has previously been held unlawful." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Instead it means that in light of preexisting law, the unlawfulness of the deputies' conduct was reasonably and objectively apparent. *Wilson v. Layne*, 526 U.S. 603, 615 (1999).

      The defendants have not, however, claimed in their memorandum that breaking down the door of Plaintiffs' private residence without a warrant, probable cause, consent or justification of any sort, launching an explosive device into the residence, storming the residence in masks and assault garb armed with assault rifles, guarding and immobilizing Plaintiffs with booted feet in their backs and automatic weapons pointed at their heads, seizing chattels with no warrant and just compensation, would not violate Plaintiffs clearly established right to be free from unreasonable searches and seizures and the use of unreasonable and excessive force or that the defendants would not have been acutely aware of that right at the time of the violation. As the Supreme Court held in *Steagald v. United States*, 451 U.S. 204 (1981), absent exigent circumstances or consent, the police cannot search for the subject of an arrest warrant in the home of a third party, without first obtaining a search warrant directing entry.

      Moreover, some conduct is so obviously contrary to constitutional norms that even in the absence of case law, the defense of qualified immunity does not apply. "When an excessive force plaintiff shows that the official's conduct lies so obviously at the very core of what the Constitution prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law, the official is not entitled to the defense of qualified immunity." *Priester v. City of Riviera Beach*, 208 F.3d 919, 926 (11th Cir.2000) (Internal

references omitted).

For the aforementioned reasons, the Court should deny granting the defendants' motion to dismiss Plaintiffs' § 1983 claims.

**IV.  ARGUMENT- FIFTH AMENDMENT CLAIMS SHOULD NOT BE DISMISSED**

The Plaintiffs disagree with the defendants that the Fifth Amendment to the U.S. Constitution does not apply to the states.

"Often referred to as the "Just Compensation Clause," the final Clause of the Fifth Amendment provides: "...nor shall private property be taken for public use without just compensation." It applies to the States as well as the Federal Government." *Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226, 239, 241 (1897); *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 160 (1980). Additionally, the United States Supreme Court stated in *Kelo v. City of New London, Conn.*, that "[t]he Fifth Amendment to the Constitution, made applicable to the States by the Fourteenth Amendment, provides that 'private property [shall not] be taken for public use, without just compensation.'" *Kelo v. City of New London, Conn.*, 125 S.Ct. 2655, 2672 (2005). Therefore, all of Plaintiffs' Fifth Amendment claims should remain.

**V.  ARGUMENT- FOURTEENTH AMENDMENT CLAIMS REGARDING SEARCH AND SEIZURE SHOULD BE DISMISSED BUT FOURTEENTH AMENDMENT CLAIMS REGARDING PROPERTY RIGHTS SHOULD NOT BE DISMISSED**

The defendants argue that the Fourteenth Amendment to the United States Constitution does not apply to Plaintiffs' Counts One and Two regarding improper search and seizure. Plaintiffs agree that the standard set forth by the Supreme Court is to analyze the enumerated Counts One and Two under the Fourth Amendment as opposed to the more generalized

substantive due process clause.  However, Plaintiffs state that they have a substantive due process right under the Fourteenth Amendment to the peaceful enjoyment of their property.

Plaintiffs' have a Fourteenth Amendment right not to be deprived of life, liberty or property without due process of law.  The defendants, acting under color of law, deprived Plaintiffs of their right to the peaceful enjoyment of their property.  *Ross v. State of Ala.*, 15 F. Supp. 2d 1173, 1181-1182 (M.D. Ala. 1998); See *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Therefore, Plaintiffs do not agree with the defendants that their substantive due process claims should be dismissed regarding Counts One and Two as to their property rights.

## VI.  ARGUMENT- CONSPIRACY CLAIMS SHOULD NOT BE DISMISSED

The defendants claim that Plaintiffs allege a claim for conspiracy under 42 U.S.C. § 1983. Rather, Plaintiffs allege a conspiracy to interfere with their civil rights under 42 U.S.C. § 1985. While it is true that a plaintiff cannot maintain a 42 U.S.C. § 1985 conspiracy claim without a 42 U.S.C. § 1983 action for deprivation of rights, the defendants' argument that 42 U.S.C. § 1983 is not a source of substantive rights is specious.  Plaintiff sued for conspiracy under 42 U.S.C. § 1985.  Therefore, their motion to dismiss Plaintiffs' conspiracy claims should be denied.

In order to establish a *prima facie* case a § 1985(3) conspiracy claim, Plaintiffs must show an agreement between two or more persons to deprive them of their civil rights. *Dickerson v. Alachua County Comm'n*, 200 F. 3d 761, 767 (11th Cir. 2000) (quotations and citations omitted).  Plaintiffs have demonstrated a conspiracy between at least two people outside the intracorporate conspiracy doctrine.  The intracorporate conspiracy doctrine holds that a corporation as well as a governmental entity constitutes a single legal entity.  Therefore, the

agents and/or employees of a governmental entity are deemed incapable of conspiring among themselves or with the government entity. *Taylor v. Alabama*, 95 F. Supp. 2d 1297, 1317-1318 (M.D. Ala. 2000). In the present case, Plaintiffs allege different employees of two governmental entities were involved in violating Plaintiffs' civil rights including employees of the Phenix City Police Department and the Russell County Sheriff's Department. Therefore, Plaintiffs have stated a claim under 42 U.S.C. § 1985(3). Plaintiffs' claims for conspiracy should not be dismissed.

The defendants argue that since there is no claim for conspiracy under 42 U.S.C. § 1985, then Plaintiffs' 42 U.S.C. § 1986 claims are due to be dismissed since they are derivative of the § 1985 claims. Plaintiffs argue that their § 1985 claims are not due to be dismissed, so likewise, Plaintiffs' § 1986 claims should remain in this action as well.

## VII.  ARGUMENT- PLAINTIFFS' NEVER CLAIMED INJUNCTIVE RELIEF

Since the Plaintiffs did not seek injunctive relief, Plaintiffs believe this Court can disregard section VI of the defendants' Memorandum Brief in Support of their Motion for Partial Dismissal.

## VIII.  ARGUMENT- DECLARATORY JUDGMENT RELIEF SHOULD NOT BE DISMISSED

Plaintiffs are seeking a declaratory judgment under both 42 U.S.C. § 1988 and Ala. Code § 6-6-220.

42 U.S.C. § 1983 provides any person who, under color of state law, deprives another's federally protected rights "shall be liable to the party injured in an action at law, suit in equity, or

other proper proceeding for redress." Therefore, the statute authorizes equitable remedies, including declaratory judgments, as a form of relief pursuant to 42 U.S.C. § 1988.

Plaintiffs seek a declaratory judgment as to their rights in this justiciable controversy. "Article III, section two of the Constitution limits the exercise of judicial power to 'cases' and 'controversies.' The declaratory judgment act, in its reference to 'cases of actual controversy' manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense." *Provident Life & Acc. Ins. Co. v. Transamerica*, 850 F. 2d 1489, 1490-1491 (11th Cir. 1988) (Citations and some quotations omitted). Alabama law provides likewise that "...under the Alabama Declaratory Judgment Act, sections 6-6-220 through 6-6-232, Code 1975, such relief can be afforded only where 'justiciable controversy' exists." *Alabama Leisure Enterprises, Inc. v. Macon County*, 460 So.2d 195, 197 (Ala.Civ.App., 1984).

Since the present case is a justiciable controversy, 42 U.S.C. § 1983 provides for equitable relief, and Plaintiffs assert, their constitutional rights have been violated, a declaratory judgment is a proper remedy for Plaintiffs to seek. The defendants' motion to dismiss Plaintiffs' declaratory judgment should be denied.

### IX.  ARGUMENT- STATE LAW CLAIMS SHOULD NOT BE DISMISSED UNDER SOVEREIGN IMMUNITY AND ELEVENTH AMENDMENT

Both of the defendants, Goodrich and Taylor, argue they are entitled to absolute sovereign immunity over Plaintiffs' state law claims of trespass, assault and battery, invasion of privacy, intentional infliction of emotional distress, conversion and /or intermeddling with chattels, neglectfulness, unskillfulness or carelessness, and false arrest/ false imprisonment.

The defendants claim what amounts to absolute sovereign immunity from all state law claims. However, the Alabama Supreme Court has stated that sheriffs do not have absolute immunity in all circumstances. See *Coleman v. City of Dothan*, 598 So.2d 873, 875 n. 2 (Ala.1992) ("We are careful to point out ... that a sheriff is not entitled to absolute immunity in all situations."); *White v. Birchfield*, 582 So.2d 1085, 1088 (Ala.1991) ( "[B]y this opinion, we are not to be understood as granting absolute immunity to a sheriff in all situations.").

"This Court has recognized that a state officer or employee may not escape individual tort liability by arguing that his mere status as a state official cloaks him with the state's constitutional immunity." *Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989) (quotations omitted) (quoting *Barnes v. Dale*, 530 So.2d 770, 781 (Ala.1988)). "Clearly, a state officer or employee is not protected by § 14 when he acts willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law. See *Lumpkin v. Cofield*, 536 So.2d 62, 65 (Ala.1988); *Barnes*, 530 So.2d at 782; *DeStafney v. University of Alabama*, 413 So.2d 391, 393 (Ala.1981); *Gill v. Sewell*, 356 So.2d 1196, 1198 (Ala.1978); Unzicker v. State, 346 So.2d 931, 933 (Ala.1977); and *St. Clair County v. Town of Riverside*, 272 Ala. 294, 296, 128 So.2d 333, 334 (1961)." Id at 83.

In Phillips, the Alabama Supreme Court determined that two issues should be addressed in order to determine whether state officers should be granted immunity. The issues are "1) whether the plaintiffs' suit against the appellees is, in effect, one against the State, thus affording the appellees absolute immunity from suit; and, if not, then 2) whether the appellees are entitled to substantive or qualified immunity from the plaintiffs' claim because they were engaged in the exercise of a discretionary public function." Id. at 83.

First, this lawsuit is not against the state. Plaintiffs are suing the defendants, Goodrich and Taylor, in their individual capacities.

Second, in determining whether the defendants were engaged in the exercise of a discretionary public function, thus establishing immunity from tort liability, the Alabama Supreme Court adopted the Restatement (Second) of Torts § 895D. "In determining whether the public officer was performing a discretionary function, the Restatement suggests certain factors to consider: [1] the nature and importance of the function that the officer is performing; [2] the extent to which passing judgment on the exercise of discretion will amount necessarily to passing judgment on the conduct of a coordinate branch of government; [3] the extent to which the imposition of liability would impair the free exercise of discretion by the officer; [4] the extent to which the ultimate financial responsibility will fall on the officer; [5] the likelihood that harm will result to members of the public if the action is taken; [6] the nature and seriousness of the type of harm that may be produced; and [7] the availability to the injured party of other remedies and other forms of relief." *White*, 582 So. 2d at 1086.

The Alabama Supreme Court has noted that Ala. Code § 6-5-338(a) "extends discretionary function immunity to municipal police officers . . . unless the officer's conduct is so egregious as to amount to willful or malicious conduct or conduct engaged in bad faith." *Couch v. City of Sheffield*, 708 So.2d 144, 153 (Ala. 1998).

The defendants actions of breaking down the Plaintiffs' door, launching an explosive device into the residence, storming inside and immobilizing the Plaintiffs with booted feet in their backs and automatic weapons aimed at their heads without warrant, exigent circumstances,

probable cause or consent cannot qualify as a "discretionary public function." Plaintiffs did not resist arrest; therefore, there was no justification for the force that was used against them. The conduct of the defendants, Goodrich and Taylor, was so egregious that it amounted to willful or malicious conduct. Therefore, the defendants' claim that they are entitled to sovereign immunity are due to be denied.

## CONCLUSION

Plaintiffs state the defendants' claims to dismiss their § 1983 claims should be denied. Plaintiffs have met the heightened pleading requirement, should the Court find one exists. The defendants are not entitled to qualified immunity. Plaintiffs disagree with the defendants that their Fifth Amendment claims should be dismissed. Plaintiffs' claims in Counts One and Two regarding improper search and seizure should be analyzed under the Fourth Amendment as opposed to the Fourteenth Amendment. Plaintiffs' Fourteenth Amendment claims as to his property rights should not be dismissed. Plaintiffs' § 1985 conspiracy claims and § 1986 claims should not be dismissed. Plaintiffs' claims for declaratory judgment and state law claims should not be dismissed. Plaintiff prays that the Court will so rule.

/s/ JAY LEWIS
Jay Lewis
Attorney for Plaintiff
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, Alabama, 36104
334-263-7733 (voice)

                334-263-7733 (fax)

                J-Lewis@JayLewisLaw.com

                ASB-2014-E66J

LAW OFFICES OF JAY LEWIS, LLC

P.O. Box 5059

Montgomery, AL 36103

(334) 263-7733 (Voice)

(334) 832-4390 (Fax)

## CERTIFICATE OF SERVICE

  I hereby certify that on July 18, 2005, I electronically filed with the Clerk of the Court the foregoing document through the CM/ECF system, which will send notification of such filing to the following individuals:

Richard Hill, Jr.

Kendrick Webb

James Paul Graham, Jr.

James Robert McKoon, Jr.

                /s/ JAY LEWIS

                Jay Lewis

                Attorney for Plaintiff

                LAW OFFICES OF JAY LEWIS, LLC

                P.O. Box 5059

                Montgomery, Alabama, 36104

                334-263-7733 (voice)

                334-263-7733 (fax)

                J-Lewis@JayLewisLaw.com

                ASB-2014-E66J