IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LISA BARNETTE, et al.,           ) | |
|                                  ) | |
|       Plaintiffs,                ) | |
|                                  ) | |
| v.                               ) | Civil Action No.  3:05-cv-00473-WKW-DRB |
|                                  ) | |
| PHENIX CITY, ALABAMA, et al.,    ) | |
|                                  ) | |
|       Defendants.                ) | |

**JOINT MOTION FOR CONTINUANCE OF DEADLINES**

COME NOW all Plaintiffs and Defendants in this matter to move to continue the deadlines in this matter generally. As grounds therefor, the parties set down and assign the following:

1. Defendants are sued under 42 U.S.C. § 1983 for allegedly depriving the Plaintiffs of protections guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. See Complaint ¶ 1. Defendants[1] have properly asserted their entitlement to absolute immunity pursuant to the Eleventh Amendment to the United States Constitution to any allegations against them in their official capacities. These Defendants have also asserted their entitlement to qualified immunity to claims against them in their individual capacities. Defendants have further asserted entitlement to sovereign immunity and Eleventh Amendment immunity to all state law claims. See Motion to Dismiss of Defendants Grover Goodrich and Heath Taylor. Defendants' Motion, which asserts absolute and qualified immunity, is presently pending before this Court.

2. If a public official pleads a qualified immunity defense to a claim, the district court should resolve the threshold question of immunity before permitting discovery and, thus, must determine whether, assuming the truth of the plaintiff's allegations, the official's conduct violated clearly established law. Crawford-El v. Britton, 523 U.S. 574, 597 (1998); see Harlow v.

---
[1] "Defendants" refers to Grover Goodrich and Heath Taylor.

Fitzgerald, 457 U.S. 800, 818 (1991) (ruling that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed."); see also Siegert v. Gilley, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); Id. at 1795 (Kennedy, J., concurring) ("[A]voidance of disruptive discovery is one of the very purposes for the official immunity doctrine . . ."); Lassiter v. Alabama A&M Univ., 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc) ("Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) . . ."); GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) ("[Q]ualified immunity protects officials not just from liability, but from suit and its attendant burdens. . . . Every successive stage to which a suit progresses reduces the effectiveness of the defense, requiring officials to spend time at the courthouse rather than the statehouse."); Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1183 (11th Cir. 1994) ("Since qualified immunity protects government officials performing discretionary functions from litigation, including discovery and trial, the validity of this protection must be determined as early as possible in the lawsuit"); Caraballo-Sandoval v. Honsted, 35 F.3d 521, 524 (11th Cir. 1994) (affirming the district court's stay of discovery until it decided the qualified immunity issue).

3. This Court has not ruled on Defendants' Motion to Dismiss at the date of this filing and Defendants continue to assert that they are protected by qualified immunity.

4. Deadlines for discovery and dispositive motions are rapidly approaching and no discovery has been conducted as the Defendants have asserted their protection from such pending a ruling on qualified immunity.

      5.      The parties seek to remain in compliance with this Court's Orders and rulings from the Eleventh Circuit regarding qualified immunity, but also would like adequate time to obtain discovery before trial and/or the dispositive motion deadline.

      6.      The Discovery deadline, pretrial hearing, and trial setting[2] should be stayed until the following proposed dates:

>Discovery deadline: July 30, 2006
>
>Pretrial hearing: October 30, 2006
>
>Trial: December 4, 2006[3]

      7.      The parties stipulate that by placing their electronic signatures on this Motion that they are in agreement with the contents and filing of the same.

WHEREFORE, PREMISES CONSIDERED, the parties in the above-styled cause move this Honorable Court to continue the current deadlines in accordance with this Motion.

---

[2] All other deadlines are dependent upon these dates.
[3] Counsel was informed by this Court's office that this date is the next trial setting after July 10, 2006.

Respectfully submitted this the 6th day of February, 2006.

**s/C. Richard Hill, Jr.**
KENDRICK E. WEBB – Bar No. WEB022
C. RICHARD HILL, JR. – Bar No. HIL045
Attorneys for Defendants Heath Taylor and Grover Goodrich
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  rhill@webbeley.com

**s/Keith Anderson Nelms**
JAY LEWIS – Bar No.  LEW031
KEITH ANDERSON NELMS – Bar No. NEL022
Attorneys for Plaintiffs
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, Alabama 36103-5059
Telephone:  334-263-7733
Fax:  334-832-4390
andynelms@jaylewislaw.com

**s/James Paul Graham, Jr.**
JAMES PAUL GRAHAM, JR. – Bar No. GRA030
Attorney for Defendants City of Phenix City, Officer Lahr, Officer Walker, Officer Bailey, Officer Nolin, Officer Mithchell, Officer Coreano, Officer McLaughlin, and Officer Barr

The Graham Legal Firm
P.O. Box 3380
Phenix City, Alabama 36868-3380
Telephone:  334-291-0315
Fax:  334-291-9136
manager@grahamlegal.org

**s/James Robert McKoon, Jr.**
JAMES ROBERT MCKOON, JR.

Attorney for Defendants City of Phenix City, Officer Lahr, Officer Walker, Officer Bailey, Officer Nolin, Officer Mithchell, Officer Coreano, Officer McLaughlin, and Officer Barr

MCKOON & THOMAS
P.O. Box 3220
Phenix City, Alabama 36868-3220
Telephone:  334-297-2300
Fax:  334-297-2777
jrmckoon@aol.com