IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LISA BARNETTE, et al.,           *
                                 *
        Plaintiffs,              *
                                 *
v.                               *        CASE NO. 3:05-cv-473-WKW
                                 *
CITY OF PHENIX CITY, et al.,     *
                                 *
        Defendants.              *

## DEFENDANTS' THIRD AMENDED ANSWER TO COMPLAINT

Come now the Defendants, City of Phenix City, Alabama, Greg Lahr, Terrance Walker, Michael Bailey, Steve Nolin, Curtin Mitchell, Luis Coreano, Warren McLoughlin and Jarrod Barr, and file their Third Amended Answer to Plaintiffs' Complaint as follows:

## JURISDICTION AND VENUE

1.    These defendants admit that the plaintiffs have filed their complaint and have invoked the jurisdiction of this Court under the Amendments and Sections of the United States Codes set forth in paragraph 1 of their complaint. These defendants deny the remaining allegations contained in paragraph 1 of plaintiffs' complaint and demand strict proof thereof.

2.    These defendants admit that the events out of which plaintiffs' allegations arise occurred in Russell County, Alabama in the Eastern Division of the Middle District of the State of Alabama. These defendants deny the remaining allegations contained in paragraph 2 of plaintiffs' complaint and demand strict proof thereof.

## PARTIES

3.      These defendants admit the allegations contained in paragraph 3 of plaintiffs' complaint.

4.      These defendants admit the allegations contained in paragraph 4 of plaintiffs' complaint.

5.      These defendants admit the allegations contained in paragraph 5 of plaintiffs' complaint.

6.      These defendants admit the allegations contained in paragraph 6 of plaintiffs' complaint.

7.      These defendants admit that the City of Phenix City is a municipal corporation located in part in Russell County, Alabama. These defendants deny the remaining allegations contained in paragraph 7 of plaintiffs' complaint and demand strict proof thereof.

8.      These defendants admit that Officer Lahr is a natural person over the age of 19 years. These defendants deny the remaining allegations contained in paragraph 8 of plaintiffs' complaint and demand strict proof thereof.

9.      These defendants admit that Officer Bailey is a natural person over the age of 19 years. These defendants deny the remaining allegations contained in paragraph 9 of plaintiffs' complaint and demand strict proof thereof.

10.      These defendants admit that Officer Nolin is a natural person over the age of 19 years. These defendants deny the remaining allegations contained in paragraph 10 of plaintiffs' complaint and demand strict proof thereof.

11.    These defendants admit that Officer Mitchell is a natural person over the age of 19 years. These defendants deny the remaining allegations contained in paragraph 11 of plaintiffs' complaint and demand strict proof thereof.

12.    These defendants admit that Officer Coreano is a natural person over the age of 19 years. These defendants deny the remaining allegations contained in paragraph 12 of plaintiffs' complaint and demand strict proof thereof.

13.    These defendants admit that Officer McLoughlin is a natural person over the age of 19 years. These defendants deny the remaining allegations contained in paragraph 13 of plaintiffs' complaint and demand strict proof thereof.

14.    These defendants admit that Officer Walker is a natural person over the age of 19 years. These defendants deny the remaining allegations contained in paragraph 14 of plaintiffs' complaint and demand strict proof thereof.

15.    These defendants admit that Officer Barr is a natural person over the age of 19 years. These defendants deny the remaining allegations contained in paragraph 15 of plaintiffs' complaint and demand strict proof thereof.

16.    These defendants are without knowledge or information sufficient to answer the allegations contained in paragraph 16 of plaintiffs' complaint.

17.    These defendants are without knowledge or information sufficient to answer the allegations contained in paragraph 17 of plaintiffs' complaint.

18.    These defendants deny the allegations contained in paragraph 18 of plaintiffs' complaint and demand strict proof thereof.

## NATURE OF PROCEEDINGS

3

19.     These defendants deny the allegations contained in paragraph 19 of plaintiffs' complaint and demand strict proof thereof.

## FACTS

20.     These defendants adopt their answers to the foregoing paragraphs contained in plaintiffs' complaint as though fully set out herein.

21.     These defendants deny the allegations contained in paragraph 21 of plaintiffs' complaint and demand strict proof thereof.

22.     These defendants deny the allegations contained in paragraph 22 of plaintiffs' complaint and demand strict proof thereof.

23.     These defendants deny the allegations contained in paragraph 23 of plaintiffs' complaint and demand strict proof thereof.

24.     These defendants deny the allegations contained in paragraph 24 of plaintiffs' complaint and demand strict proof thereof.

25.     These defendants deny the allegations contained in paragraph 25 of plaintiffs' complaint and demand strict proof thereof.

26.     These defendants deny the allegations contained in paragraph 26 of plaintiffs' complaint and demand strict proof thereof.

27.     These defendants deny the allegations contained in paragraph 27 of plaintiffs' complaint and demand strict proof thereof.

28.     These defendants deny the allegations contained in paragraph 28 of plaintiffs' complaint and demand strict proof thereof.

29.     These defendants deny the allegations contained in paragraph 29 of plaintiffs' complaint and demand strict proof thereof.

30.     These defendants deny the allegations contained in paragraph 30 of plaintiffs' complaint and demand strict proof thereof.

31.     These defendants deny the allegations contained in paragraph 31 of plaintiffs' complaint and demand strict proof thereof.

32.     These defendants deny the allegations contained in paragraph 32 of plaintiffs' complaint and demand strict proof thereof.

33.     These defendants deny the allegations contained in paragraph 33 of plaintiffs' complaint and demand strict proof thereof.

34.     These defendants deny the allegations contained in paragraph 34 of plaintiffs' complaint and demand strict proof thereof.

35.     These defendants deny the allegations contained in paragraph 35 of plaintiffs' complaint and demand strict proof thereof.

36.     These defendants deny the allegations contained in paragraph 36 of plaintiffs' complaint and demand strict proof thereof.

37.     These defendants deny the allegations contained in paragraph 37 of plaintiffs' complaint and demand strict proof thereof.

38.     These defendants deny the allegations contained in paragraph 38 of plaintiffs' complaint and demand strict proof thereof.

39.     These defendants deny the allegations contained in paragraph 39 of plaintiffs' complaint and demand strict proof thereof.

40.     These defendants deny the allegations contained in paragraph 40 of plaintiffs' complaint and demand strict proof thereof.

41.     These defendants deny the allegations contained in paragraph 41 of plaintiffs' complaint and demand strict proof thereof.

42.     These defendants deny the allegations contained in paragraph 42 of plaintiffs' complaint and demand strict proof thereof.

43.     These defendants deny the allegations contained in paragraph 43 of plaintiffs' complaint and demand strict proof thereof.

44.     These defendants deny the allegations contained in paragraph 44 of plaintiffs' complaint and demand strict proof thereof.

45.     These defendants deny the allegations contained in paragraph 45 of plaintiffs' complaint and demand strict proof thereof.

46.     These defendants deny the allegations contained in paragraph 46 of plaintiffs' complaint and demand strict proof thereof.

47.     These defendants deny the allegations contained in paragraph 47 of plaintiffs' complaint and demand strict proof thereof.

48.     These defendants deny the allegations contained in paragraph 48 of plaintiffs' complaint and demand strict proof thereof.

49.     These defendants deny the allegations contained in paragraph 49 of plaintiffs' complaint and demand strict proof thereof.

50.     These defendants deny the allegations contained in paragraph 50 of plaintiffs' complaint and demand strict proof thereof.

51.     These defendants deny the allegations contained in paragraph 51 of plaintiffs' complaint and demand strict proof thereof.

52.    These defendants deny the allegations contained in paragraph 52 of plaintiffs' complaint and demand strict proof thereof.

53.    These defendants deny the allegations contained in paragraph 53 of plaintiffs' complaint and demand strict proof thereof.

54.    These defendants deny the allegations contained in paragraph 54 of plaintiffs' complaint and demand strict proof thereof.

55.    These defendants deny the allegations contained in paragraph 55 of plaintiffs' complaint and demand strict proof thereof.

56.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

57.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

58.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

59.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the

allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

60.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

61.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

62.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

## CAUSES OF ACTION

63.    These defendants adopt their answers to the foregoing paragraphs contained in plaintiffs' complaint as though fully set out herein.

## COUNT I – UNLAWFUL ENTRY

64.    These defendants deny the allegations contained in paragraph 64 of plaintiffs' complaint and demand strict proof thereof.

65.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the

allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

66.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

67.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

68.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

69.    These defendants deny the allegations contained in paragraph 69 of plaintiffs' complaint and demand strict proof thereof.

70.    These defendants deny the allegations contained in paragraph 70 of plaintiffs' complaint and demand strict proof thereof.

71.    These defendants deny the allegations contained in paragraph 71 of plaintiffs' complaint and demand strict proof thereof.

72.    These defendants deny the allegations contained in paragraph 72 of plaintiffs' complaint and demand strict proof thereof.

73.    These defendants deny the allegations contained in paragraph 73 of plaintiffs' complaint and demand strict proof thereof.

## **COUNT II – UNLAWFUL SEARCH AND SEIZURE**

74.    These defendants deny the allegations contained in paragraph 74 of plaintiffs' complaint and demand strict proof thereof.

75.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

76.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

77.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

78.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

79.    These defendants deny the allegations contained in paragraph 79 of plaintiffs' complaint and demand strict proof thereof.

80.    These defendants deny the allegations contained in paragraph 80 of plaintiffs' complaint and demand strict proof thereof.

81.    These defendants deny the allegations contained in paragraph 81 of plaintiffs' complaint and demand strict proof thereof.

82.    These defendants deny the allegations contained in paragraph 82 of plaintiffs' complaint and demand strict proof thereof.

## COUNT III – UNLAWFUL TAKING

83.    These defendants deny the allegations contained in paragraph 83 of plaintiffs' complaint and demand strict proof thereof.

84.    These defendants deny the allegations contained in paragraph 84 of plaintiffs' complaint and demand strict proof thereof.

85.    These defendants deny the allegations contained in paragraph 85 of plaintiffs' complaint and demand strict proof thereof.

86.    These defendants deny the allegations contained in paragraph 86 of plaintiffs' complaint and demand strict proof thereof.

87.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

88.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

11

89.    These defendants deny the allegations contained in paragraph 89 of plaintiffs' complaint and demand strict proof thereof.

## COUNT IV – EXCESSIVE FORCE

90.    These defendants deny the allegations contained in paragraph 90 of plaintiffs' complaint and demand strict proof thereof.

91.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

92.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

93.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

94.    These defendants deny the allegations contained in paragraph 94 of plaintiffs' complaint and demand strict proof thereof.

95.    These defendants deny the allegations contained in paragraph 95 of plaintiffs' complaint and demand strict proof thereof.

96.    These defendants deny the allegations contained in paragraph 96 of plaintiffs' complaint and demand strict proof thereof.

97.    These defendants deny the allegations contained in paragraph 97 of plaintiffs' complaint and demand strict proof thereof.

98.    These defendants deny the allegations contained in paragraph 98 of plaintiffs' complaint and demand strict proof thereof.

99.    These defendants deny the allegations contained in paragraph 99 of plaintiffs' complaint and demand strict proof thereof.

100.    These defendants deny the allegations contained in paragraph 100 of plaintiffs' complaint and demand strict proof thereof.

101.    These defendants deny the allegations contained in paragraph 101 of plaintiffs' complaint and demand strict proof thereof.

102.    These defendants deny the allegations contained in paragraph 102 of plaintiffs' complaint and demand strict proof thereof.

## **COUNT V – CONSPIRACY TO VIOLATE CIVIL RIGHTS**

103.    These defendants deny the allegations contained in paragraph 103 of plaintiffs' complaint and demand strict proof thereof.

104.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

105.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

106.    These defendants deny the allegations contained in paragraph 106 of plaintiffs' complaint and demand strict proof thereof.

107.    These defendants deny the allegations contained in paragraph 107 of plaintiffs' complaint and demand strict proof thereof.

108.    These defendants deny the allegations contained in paragraph 108 of plaintiffs' complaint and demand strict proof thereof.

## COUNT VI – NEGLECT TO PRVENT VIOLATION OF CIVIL RIGHTS

109.    These defendants deny the allegations contained in paragraph 109 of plaintiffs' complaint and demand strict proof thereof.

110.    These defendants deny the allegations contained in paragraph 110 of plaintiffs' complaint and demand strict proof thereof.

111.    These defendants deny the allegations contained in paragraph 111 of plaintiffs' complaint and demand strict proof thereof.

112.    These defendants deny the allegations contained in paragraph 112 of plaintiffs' complaint and demand strict proof thereof.

## COUNT VII - TRESPASS

113.    These defendants deny the allegations contained in paragraph 113 of plaintiffs' complaint and demand strict proof thereof.

114.    These defendants deny the allegations contained in paragraph 114 of plaintiffs' complaint and demand strict proof thereof.

115.    These defendants deny the allegations contained in paragraph 115 of plaintiffs' complaint and demand strict proof thereof.

116.    These defendants deny the allegations contained in paragraph 116 of plaintiffs' complaint and demand strict proof thereof.

117.    These defendants deny the allegations contained in paragraph 117 of plaintiffs' complaint and demand strict proof thereof.

118.    These defendants deny the allegations contained in paragraph 118 of plaintiffs' complaint and demand strict proof thereof.

119.    These defendants deny the allegations contained in paragraph 119 of plaintiffs' complaint and demand strict proof thereof.

## <u>COUNT VIII – ASSAULT AND BATTERY</u>

120.    These defendants deny the allegations contained in paragraph 120 of plaintiffs' complaint and demand strict proof thereof.

121.    These defendants deny the allegations contained in paragraph 121 of plaintiffs' complaint and demand strict proof thereof.

122.    These defendants deny the allegations contained in paragraph 122 of plaintiffs' complaint and demand strict proof thereof.

123.    These defendants deny the allegations contained in paragraph 123 of plaintiffs' complaint and demand strict proof thereof.

## <u>COUNT IX – INVASION OF PRIVACY</u>

124.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

125.   This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

126.   This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

127.   These defendants deny the allegations contained in paragraph 127 of plaintiffs' complaint and demand strict proof thereof.

128.   This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

129.   These defendants deny the allegations contained in paragraph 129 of plaintiffs' complaint and demand strict proof thereof.

## <u>COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

130.   These defendants deny the allegations contained in paragraph 130 of plaintiffs' complaint and demand strict proof thereof.

131.   These defendants deny the allegations contained in paragraph 131 of plaintiffs' complaint and demand strict proof thereof.

132.   These defendants deny the allegations contained in paragraph 132 of plaintiffs' complaint and demand strict proof thereof.

133.    These defendants deny the allegations contained in paragraph 133 of plaintiffs' complaint and demand strict proof thereof.

134.    These defendants deny the allegations contained in paragraph 134 of plaintiffs' complaint and demand strict proof thereof.

135.    These defendants deny the allegations contained in paragraph 135 of plaintiffs' complaint and demand strict proof thereof.

## COUNT XI – CONVERSION AND/OR INTERMEDDLING WITH CHATTELS

136.    This allegation contained in this paragraph appears to be a statement of law that requires no response from these defendants. However, to the extent the allegations and inferences in this paragraph can be construed as imposing liability on these defendants, the same are denied.

137.    These defendants deny the allegations contained in paragraph 137 of plaintiffs' complaint and demand strict proof thereof.

138.    These defendants deny the allegations contained in paragraph 138 of plaintiffs' complaint and demand strict proof thereof.

139.    These defendants deny the allegations contained in paragraph 139 of plaintiffs' complaint and demand strict proof thereof.

## COUNT XII – NEGLECTFULNESS, UNSKILLFULNESS OR CARELESSNESS

140.    These defendants deny the allegations contained in paragraph 140 of plaintiffs' complaint and demand strict proof thereof.

141.    These defendants deny the allegations contained in paragraph 141 of plaintiffs' complaint and demand strict proof thereof.

142.    These defendants deny the allegations contained in paragraph 142 of plaintiffs' complaint and demand strict proof thereof.

## COUNT XIII – FALSE ARREST, FALSE IMPRISONMENT

143.    These defendants deny the allegations contained in paragraph 143 of plaintiffs' complaint and demand strict proof thereof.

144.    These defendants deny the allegations contained in paragraph 144 of plaintiffs' complaint and demand strict proof thereof.

145.    These defendants deny the allegations contained in paragraph 145 of plaintiffs' complaint and demand strict proof thereof.

146.    These defendants deny the allegations contained in paragraph 146 of plaintiffs' complaint and demand strict proof thereof.

147.    These defendants deny the allegations contained in paragraph 147 of plaintiffs' complaint and demand strict proof thereof.

148.    These defendants deny the allegations contained in paragraph 148 of plaintiffs' complaint and demand strict proof thereof.

149.    These defendants deny the allegations contained in paragraph 149 of plaintiffs' complaint and demand strict proof thereof.

150.    These defendants deny each and every allegation of plaintiffs' complaint not herein admitted, controverted or specifically denied.

## DEFENSES

1.    For a first, separate and distinct defense, these defendants aver that plaintiffs' complaint fails to state a claim against these defendants upon which relief may be granted.

18

2.     For a second, separate and distinct defense, in their individual capacities, Defendants City of Phenix City, Alabama, Greg Lahr, Terrance Walker, Michael Bailey, Steve Nolin, Curtin Mitchell, Luis Coreano, Warren McLoughlin and Jarrod Barr, are entitled to qualified immunity from the plaintiffs' claims.

3.     For a third, separate and distinct defense, Defendants City of Phenix City, Alabama, Greg Lahr, Terrance Walker, Michael Bailey, Steve Nolin, Curtin Mitchell, Luis Coreano, Warren McLaughlin and Jared Barr are entitled to absolute sovereign immunity from the plaintiffs' state law claims pursuant to Article I, § 14 of the Alabama Constitution of 1901.

4.     For a fourth, separate and distinct defense, these defendants aver that the plaintiffs were contributorily negligent.

5.     For a fifth, separate and distinct defense, these defendants aver that the plaintiffs assumed the risk of the injuries and damages of which they complain.

6.     For a sixth, separate and distinct defense, these defendants plead the defense of "defense of others."

7.     For a seventh, separate and distinct defense, these defendants plead superseding, intervening causation.

8.     For an eighth, separate and distinct defense, these defendants aver that the plaintiffs lacked standing to assert a personal claim for damages resulting from the alleged deprivation of another's rights.

9.     For a ninth, separate and distinct defense, these defendants aver that the Eleventh Amendment to the United States Constitution deprives this Court of jurisdiction to hear the plaintiffs' state law claims.

10.    For a tenth, separate and distinct defense, these defendants aver that the Eleventh Amendment to the United States Constitution deprives this Court of jurisdiction to hear the plaintiffs' federal claims.

11.    For an eleventh, separate and distinct defense, these defendants aver the defense of good faith.

12.    For a twelfth, separate and distinct defense, these defendants aver that there could be no recovery by the plaintiffs because at all times the defendants were acting lawfully and within the line and scope of their appropriate governmental function.

13.    For a thirteenth, separate and distinct defense, these defendants plead the limitation of liability available to municipalities under Alabama law.

14.    For a fourteenth, separate and distinct defense, these defendants plead the defense of privilege.

15.    For a fifteenth, separate and distinct defense, Defendant City of Phenix City pleads the statutory cap for recovery of any judgment against a governmental entity as set forth in § 11-93-2, Ala. Code 1975.

16.    For a sixteenth, separate and distinct defense, Defendant City of Phenix City avers that the plaintiffs failed to file their claim for damages against the City of Phenix City within six months of the accrual thereof as required by § 11-47-23, Ala. Code 1975.

17.    For a seventeenth, separate and distinct defense, Defendant City of Phenix City avers that the plaintiffs failed to file a sworn statement with the Clerk of the City of Phenix City in the manner prescribed by § 11-47-192, Ala. Code 1975.

20

18.    For an eighteenth, separate and distinct defense, these defendants aver that they are immune from liability under the doctrines of governmental immunity, sovereign immunity, qualified immunity, absolute immunity and/or good faith immunity.

19.    For a nineteenth, separate and distinct defense, these defendants aver that the award of punitive damages claimed by plaintiffs violates Article I, Section 10(1) and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a)    That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b)    That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)    That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d)    That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

(e)    That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f)    That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g)    That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h)    That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(i)    That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(j)    That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k)    That standards of conduct upon which punitive damages are awarded are vague.

(l)    That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m)    That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n)    That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

22

(o)    That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

20.    For a twentieth, separate and distinct defense, these defendants aver that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* § 6-11-21 (Repl. Vol. 1993).

21.    For a twenty-first, separate and distinct defense, these defendants aver that the Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

22.    For a twenty-second, separate and distinct defense, these defendants aver that under the constitutions of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. v. Oberg*, 114 S.Ct. 2331 (1994).

23.    For a twenty-third, separate and distinct defense, these defendants aver that to the extent that plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be accessed for the same act or omission against these defendants, this award contravenes the defendants' right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the defendants' right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

24.    For a twenty-fourth, separate and distinct defense, these defendants aver that with respect to the plaintiffs' demand for punitive damages, these defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards that may be articulated in the decision of *BMW North American, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

25.    For a twenty-fifth, separate and distinct defense, these defendants aver that plaintiffs are not entitled to an award of punitive damages, and that an award of punitive damages against defendants, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the plaintiffs is limited to the standards set out in *BMW North American, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

26.    For a twenty-sixth, separate and distinct defense, these defendants aver that the Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by plaintiffs in this lawsuit, constitute a violation of the due process clause of the Constitution of the United States, under authority of *BMW North American, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The allegations made by plaintiffs in this action, and the plaintiffs' claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to defendants as to deprive defendants of due process of law.

27.    For a twenty-seventh, separate and distinct defense, these defendants plead the applicable cap.

28.     For a twenty-eighth, separate and distinct defense, these defendants aver that to the extent that the plaintiffs seek compensatory damages for mental anguish or pain and suffering in this case, any award of such damages would violate this defendants' right to procedural and substantive due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Constitution of the State of Alabama, as amended, because, among other things, of the vagueness and uncertainty of the criteria for the recovery of compensatory damages for pain and suffering; therefore, the plaintiffs cannot recover compensatory damages for pain and suffering.

29.     These defendants reserve the right to amend to add other defenses as may later become apparent and applicable.

/s/ Ronald G. Davenport
RONALD G. DAVENPORT (DAV044)
Attorney for Defendants City of Phenix City,
Officer Lahr, Officer Walker, Officer Bailey,
Officer Nolin, Officer Mitchell, Officer
Coreano, Officer McLoughlin and Officer
Barr

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 481-0804 (fax)
rgd@rsjg.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jay Lewis, Esq.
Keith Anderson Nelms, Esq.
Law Offices of Jay Lewis, LLC
P. O. Box 5059
Montgomery, AL 36103-5059

C. Richard Hill, Jr., Esq.
Kendrick E. Webb, Esq.
Scott W. Gosnell, Esq.
Webb & Eley, P.C.
P. O. Box 240909
Montgomery, AL 36124

James P. Graham, Jr., Esq.
Graham Legal Firm
P. O. Box 3380
Phenix City, AL 36867

<u>/s/ Ronald G. Davenport</u>
OF COUNSEL

27