**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| LISA BARNETTE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:05-cv-473-DRB |
| ) | |
| PHENIX CITY, ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS HEATH TAYLOR AND GROVER GOODRICH'S
## MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants Lieutenant Heath Taylor (hereafter, "Lieutenant Taylor") and Investigator Grover Goodrich (hereafter, "Investigator Goodrich") (collectively, "Taylor and Goodrich"), and move this Court pursuant to Rule 56 for summary judgment in their favor on all remaining claims against them.  Defendants show unto the Court that there are no genuine issues as to the material facts, and that Defendants are entitled to judgment as a matter of law.

1. The only remaining claims against Taylor and Goodrich in this action are 42 U.S.C. § 1983 Fourth Amendment claims for unlawful search and seizure and excessive force related to the Defendants' attempts to apprehend fugitive Kenneth Thrower on February 10, 2005.

2. Taylor and Goodrich are immune from liability in this action under the doctrine of qualified immunity because (a) Lieutenant Taylor and Investigator Goodrich acted within their discretionary authority; (b) Lieutenant Taylor and Investigator Goodrich did not violate any of the Plaintiffs' federally protected rights; and (c) no clearly established law provided fair warning to Lieutenant Taylor and Investigator Goodrich that their conduct was unlawful.

3. Specifically, the warrantless entry into the Barnette residence was lawful due to the presence of exigent circumstances.

4. Lieutenant Taylor and Investigator Goodrich did not use excessive force during the entry and search because:

- These Defendants did not exercise any force against the Plaintiffs;
- The degree of force used on the Plaintiffs was justified under the circumstances; and
- The Plaintiffs' injuries were de minimis.

This action was filed on May 20, 2005. In their Complaint, Plaintiffs sued the Defendants in, presumably, their official and individual capacities, alleging claims of (a) unlawful entry, search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution; (b) violation of their procedural and substantive due process rights under the Fourteenth Amendment; (c) unlawful seizure in violation of the Fifth and/or Fourteenth Amendments; (d) excessive force in violation of the Fourth Amendment; (e) conspiracy to violate civil rights under 42 U.S.C. § 1985(3); (f) neglect to prevent violation of civil rights under 42 U.S.C. § 1986; (g) state law trespass; (h) state law assault and battery; (i) state law invasion of privacy; (j) state law intentional infliction of emotional distress; (k) state law conversion and/or intermeddling with chattels; and (l) state law false arrest/false imprisonment. Plaintiffs prayed for declaratory relief, as well as compensatory and punitive damages.

On June 20, 2005, Defendants Taylor and Goodrich filed their Motion to Dismiss, asking this Honorable Court to dismiss all claims against them on various grounds, including sovereign immunity and qualified immunity. On March 15, 2006, this Honorable Court issued its Memorandum Opinion and Order dismissing, as to Defendants Taylor and Goodrich, all of the Plaintiff's state law claims, all official capacity claims, the Fifth Amendment claim(s), all of the

Fourteenth Amendment procedural and substantive due process claims, the §§ 1985 and 1986 conspiracy claims, and all declaratory claims. This Court also declared any § 1983 conspiracy claims and any injunctive claims moot. However, this Court denied the Defendants' motion to dismiss the Plaintiff's Fourth Amendment search and seizure claims and Fourth Amendment excessive force claims with respect to the SWAT team's warrantless entry and search of the residence for Mr. Thrower. Therefore, these two claims are the only ones that still survive.

As demonstrated in the accompanying memorandum brief, there are no disputed material facts, and Defendants are entitled to summary judgment as a matter of law in that the Defendants are immune from liability under the doctrine of qualified immunity. Specifically, the Plaintiffs have failed to establish a constitutional violation by Investigator Goodrich and Lieutenant Taylor; the warrantless entry and search of the home due to exigent circumstances was valid, and Lieutenant Taylor and Investigator Goodrich did not use excessive force. Further, there was no established law that would have given the Defendants warning that their conduct was unlawful.

WHEREFORE, PREMISES CONSIDERED, Defendants Heath Taylor and Grover Goodrich move this Court to enter summary judgment in their favor and against the Plaintiffs as to all remaining claims.

Respectfully submitted this the 20th day of April, 2007.

                                         **s/Scott W. Gosnell**
                                         KENDRICK E. WEBB, Bar Number: WEBB022
                                         SCOTT W. GOSNELL, Bar Number: GOS002
                                         Attorneys for Defendants Goodrich and Taylor
                                         WEBB & ELEY, P.C.
                                         7475 Halcyon Pointe Road (36117)
                                         P. O. Box 240909
                                         Montgomery, Alabama  36124
                                         Telephone:  (334) 262-1850
                                         Fax:  (334) 262-1889
                                         E-mail:  sgosnell@webbeley.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the **20th day of April, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Jay Lewis, Esq.; Keith Anderson Nelms, Esq.;** and **Ronald G. Davenport, Esq.**

                                                **s/Scott W. Gosnell**
                                                OF COUNSEL