IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LISA BARNETTE, et al., )
)
Plaintiffs, )
)
vs. ) CASE NO. 3:05-cv-473-T
)
CITY OF PHENIX CITY, et al., )
)
Defendants. )

***STEVE NOLIN'S ANSWERS AND RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION***

1. State the full name, age, address and present position of each person or persons answering this discovery providing this defendant's driver's license number and state, social security number and date of birth.

Answer: Steve Nolin, 44, 810 Lee Road 312, Smiths, Alabama 36877, Police Officer, AL 6462936, 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, 9/27/61 (documentation furnished by Phenix City Personnel Department).

2. With the exception of legal counsel, identify all your agents, fellow employees, family members, friends, fellow law enforcement and representatives who are familiar with or have knowledge of any of the material facts given in answer to these interrogatories, referring to the interrogatory response to which such person has knowledge.




RECEIVED
NOV 04 2005
BY:

Answer: Just those present at the time of the incident in question.

3. Have you had any conversation with any person, other than your legal counsel, regarding any information, facts, subject matter or otherwise, related to this lawsuit. If so, please give the name of the person with whom you spoke, the substance of the conversation and the date of the conversation.

Answer: Not that I recall.

4. Please provide an accounting of all training you have received related to your job in law enforcement, giving the dates and places of said training including certificates of completion received.

Answer: Police academy, bomb squad training, basic SWAT training and advanced SWAT training and also see training certificate(s).

5. Provide copies of any warrants for the arrest of Kenneth Dean Thrower (d.o.b. 3/13/72) in your possession or available to you.

Answer: See information provided with case file.

6. All communications logs, incident reports, offense reports, radio communications, radio use logs, supplemental offense reports, affidavits, complaints, warrants, arrest reports, email messages, call slips, notes, internal memoranda, letters, internal reports, news releases, and any and all other writings or recording of whatever character or kind, on whatever

media generated or maintained, relating in any way to the arrest of Plaintiffs, detention of Plaintiffs, seizure of property and forced entry of Plaintiffs' home, or relating in any way to the subject matter of the Complaint.

Answer: See case file for number SL0500784 from Russell County Sheriff's Office.

7. To the extent not provided in response to request # 6, all statements taken from witnesses in this case including fellow law enforcement officers.

Answer: I did not take any statements.

8. To the extent not provided in response to request # 6, provide any documents, logs; files (whether electronic or otherwise), calendars, diary, records, radio logs, radio tapes or otherwise maintained by Defendant evidencing contact by this Defendant with Plaintiffs.

Answer: See number 6 above.

10. Provide any statements, documents, diaries, radio communication, notices, memoranda or other documents or writings in your possession related to the arrest of Kenneth Dean Thrower sent to you or any other defendant in this case.

Answer: None.

11. Provide the full names and current whereabouts of any law enforcement officers who where present at Plaintiffs' residence on February 10, 2005, at the time described in the complaint.

Answer: All of those named in the lawsuit except for Warren McLaughlin, Terrance Walker and Curtis Mitchell, who were not present.

12. Please relate any information you had as of February 10, 2005 relevant to any four-wheeler all-terrain recreational vehicles located at 3 Chapman Street, Phenix City, Alabama 36869.

Answer: I don't recall any information about this topic.

13. Provide your understanding of your department's policy regarding warrantless forced entry of homes owned and occupied by parties other than criminal suspects.

Answer: It is my understanding that we may enter a home without a warrant in hot pursuit of a felony suspect. Prior to entering, we would knock and announce if there was no one outside the dwelling such as in the yard or on a porch, etc.

14. Provide copies of any and all written policies, directives, or instructions of your department regarding warrantless forced entry of homes owned and occupied by parties other than criminal suspects.

Answer: This would have to be provided by the Phenix City Police Department.

15. Please describe in detail your recollection of the events of February 10, 2005 related to the forced entry at 3 Chapman Street, Phenix City, Alabama, beginning with the first moment you realized that you would be visiting said address.

Answer: We were asked to assist Russell County in locating and arresting a fugitive on outstanding warrants. It was my understanding that Russell County had information that the fugitive was in the subject home and possibly armed. I was the second or third person in the team to go in the house. My best recollection is that the initial member of the team did a knock and announce. However, I do not remember the specific words used. After a brief time with no response, the door was knocked in and we entered the house. I had my weapon drawn. I went into a bedroom. There was a female lying on the floor and a young male in the window. Initially, I could not tell if he was attempting to leave or was coming back in the house. I later discovered that he had been told to get back in the house and he was coming back in the window. Once the house was secured and it was discovered that the individual we were looking for had been there, but had

gone to another location, I left. To my recollection, I was only at the house approximately 20 minutes.

16. Please describe in detail all your actions and whereabouts while acting as a law enforcement officer on February 10, 2005, giving the time and place of each individual event. (For example, if dispatched calls were involved please state the time, address and persons involved in the event, if warrants and arrests were effected please list the names of the persons arrested, the place searched, the property seized giving the time, place and persons involved in the event.)

Answer: See number 15 above.

17. Produce copies of all responses you or your attorneys have received — or will receive throughout the pendency of this case — in response to subpoenas issued to third parties. This is a continuing request.

Answer: These will be produced if the same are received and are not otherwise objectionable.

18. To the extent the documents and things have not been provided in response to the above requests, produce any and all other documents and things relating in any way to the subject matter of this case.

Answer: This request is objectionable and objected to on the grounds that it is overly broad, vague, indefinite and requires the Defendant

to determine whether or not a particular item relates "in any way" to the subject matter of this case.

19. Please provide any tape recorded or otherwise recorded conversations or statements that you intend to use at any time throughout the course of this case.

Answer: This Defendant has no such items.

The signature of the individual Defendant below contains a verification only to the answers to Interrogatories. Defendant is not verifying or swearing to the responses to the Request for Production of Documents as the same is not required by Rule.

STEVE NOLIN

STATE OF ALABAMA )
) VERIFICATION
COUNTY OF RUSSELL )

Personally appeared before me, the undersigned, Steve Nolin, who on oath states that the facts set forth in the foregoing Answers to Interrogatories, are true and correct to the best of his knowledge and belief.

STEVE NOLIN

Sworn to and subscribed before me this 26th day of October, 2005.

Cynthia M. Eason
NOTARY PUBLIC, STATE OF ALABAMA
AT LARGE
MY COMMISSION EXPIRES: 3/24/09

JAMES R. McKOON, JR. (MCK020)
P. O. Box 3220
Phenix City, Alabama 36868-3220
(334) 297-2300

OF COUNSEL:
JAMES P. GRAHAM, JR.
P. O. Box 3380
Phenix City, Alabama 36868-3380
(334) 291-0315

**CERTIFICATE OF SERVICE**

I hereby certify that on Nov. 3, 2005, I mailed the foregoing documents through the United States Postal Service, postage prepaid, and property addressed to the following individuals:

Jay Lewis, Esq.
K. Anderson Nelms, Esq.
P. O. Box 5059
Montgomery, Alabama 36103

Richard Hill, Jr., Esq.
Kendrick E. Webb, Esq.
P. O. Box 240909
Montgomery, Alabama 36124

OF COUNSEL

# Training/Education

______ Certificates of Attendance/Completion of Training

______ Diplomas



ALABAMA MUNICIPAL INSURANCE CORPORATION

AMIC

# AMIC/MWCF

Sponsored by the Alabama League of Municipalities

MUNICIPAL WORKERS COMPENSATION FUND

MWCF

This is to certify that

*Steve D. Nolin*

has successfully completed the
8-hour Proactive Driver Training Program
SkidCar System

03/22/2005

AMIC President Steve E. Wells

SkidCar Coordinator, Captain James S. Fant

MWCF Operations Manager, Stephen S. Martin



# Combined Tactical Systems, Inc.

This Is To Certify That

**_Steve Nolin_**

Has Successfully Completed The Instructor's Certified Training Courses For:

## 12 Gauge Bean Bag Munitions, Flash-Bang

Combined Tactical Systems, Inc.
388 Kinsman Road
Jamestown, PA 16134

INSTRUCTOR

Donald C Pearce
DIRECTOR OF TRAINING

Sept. 28-29, 2004
DATE COMPLETED

12 Hour A.P.O.S.T.C. Credit

**Commander Combat Logistics Group Two**
**United States Atlantic Fleet**

The Secretary of the Navy takes pleasure in presenting the **NAVY ACHIEVEMENT MEDAL** (Gold star in lieu of second award) to

**GUNNER'S MATE (GUNS) FIRST CLASS (DV)**
**STEVEN DRAYTON NOLIN**
**UNITED STATES NAVY**

for service as set forth in the following
CITATION:

"For professional achievement in the superior performance of his duties while serving as a Diving Supervisor and Divisional Training Petty Officer on board USS RECOVERY (ARS 43) from January 1994 to July 1994. Petty Officer Nolin consistently performed his demanding duties in an exemplary and highly professional manner. Displaying exceptional professional expertise and dedicated service, he supervised 81 dives with an impressive record of 85 accident free hours of bottom time in a ten day period. As the Divisional Training Petty Officer, his flawless organization and record keeping of all SCUBA equipment, air system stowage, and divisional training records resulted in a grade of 97 percent -- well above above fleet average, on a recent Diving Safety survey. The inspector commented that the training records were the 'best they had ever seen'. Petty Officer Nolin's exceptional professional ability, initiative, and loyal devotion to duty reflect great credit upon himself and the United States Naval Service."

For the Secretary of the Navy,

W. E. TERRY
Rear Admiral, United States Navy
Commander, Combat Logistics Group TWO






# Good Conduct Award

Fidelity Zeal Obedience

GUNNER'S MATE (GUNS) FIRST CLASS (DIVER)

STEVE D. NOLIN

Is issued this certificate in recognition of faithful, zealous and obedient naval service.

THIRD AWARD

Awarded for service completed on 28 April 1993

T. B. STARK, CDR, USN
Commanding Officer

NAVPERS 1650/1 (Rev 6-81) S/N 0106-LF-016-5006

NAVAL DIVING AND SALVAGE TRAINING CENTER
PANAMA CITY, FLORIDA 32407-5001

1650
Ser 10/0053
28 JAN 1991

SECOND ENDORSEMENT on COMCRUDESGRU TWO ltr 1650 Ser 00/1041 of 4 Dec 90

From: Commanding Officer, Naval Diving and Salvage Training Center
To: GMG1(DV) Steve D. Nolin, USN, 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

Subj: NAVY UNIT COMMENDATION

1. Delivered with congratulations.

D. P. MCCAMPBELL

Copy to:
Service Record

DEPARTMENT OF THE NAVY
EXPLOSIVE ORDNANCE DISPOSAL MOBILE UNIT SIX
NAVAL WEAPONS STATION
CHARLESTON, SOUTH CAROLINA 29408-7002

1650
Ser N1/024
7 January 1991

**FIRST ENDORSEMENT** on COMCRUDESGRU TWO ltr 1650 Ser 00/1041 dtd 4 Dec 90

From: Commanding Officer, Explosive Ordnance Disposal Mobile Unit SIX
To: GMG1(DV) Steven D. Nolin, USN, 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
Via: Commanding Officer, Naval Diving Salvage Training Center

Subj: **NAVY UNIT COMMENDATION**

1. Forwarded with pleasure!

G. S. SHALLAN
Acting



DEPARTMENT OF THE NAVY
COMMANDER CRUISER-DESTROYER GROUP TWO
FPO MIAMI 34099-4701

1650
Ser 00/1041
4 DEC 90

From: Commander, Cruiser-Destroyer Group TWO
To: Explosive Ordnance Disposal Mobile Unit SIX

Subj: NAVY UNIT COMMENDATION

Encl: (1) Navy Unit Commendation Citation

1. Enclosure (1) is delivered with pleasure.

BZ!

D. J. KATZ



THE SECRETARY OF THE NAVY
WASHINGTON

The Secretary of the Navy takes pleasure in presenting the NAVY UNIT COMMENDATION to

EXPLOSIVE ORDNANCE DISPOSAL MOBILE UNIT 6

for service as set forth in the following

CITATION:

For exceptionally meritorious service while conducting mine countermeasures (MCM) operations against hostile military forces in the Arabian Gulf from 14 June 1987 to 15 March 1989. During this period of intense international conflict, the crew of Explosive Ordnance Disposal Mobile Unit 6 displayed outstanding courage, resolve, and professionalism in thwarting attempts to disrupt free passage of international trade within the Arabian Gulf. Their contribution to the defense of the United States and the attainment of United States Middle East Policy was significant and their achievements remarkable, valiant, and commendable. Providing the initial United States response to an eminent mining threat, this vanguard MCM force verified the existence of a moored minefield in Kuwaiti territorial waters, recovered and field exploited a Soviet designed M-08 mine, collected invaluable intelligence information, and subsequently disposed of the remaining eleven mines thereby clearing the Mina Al Ahmadi Deep Water Departure Channel. Follow-on deployments resulted in capture and rendering safe of nine mines from the Iranian Minelayer IRAN AJR; destruction of the ROSTAM Oil/Gas Separation Platform; salvage of an Iranian "Boghammer" attack boat; collection of intelligence information on Iranian equipment, weapons, communications, and tactics; and disposal of 31 mines representing 45 percent of all mines cleared from the Arabian Gulf by United States forces. By their distinctive professionalism, extraordinary bravery, and inspiring devotion to duty, the officers and enlisted personnel of Explosive Ordnance Disposal Mobile Unit 6 reflected great credit upon themselves and upheld the highest traditions of the United States Naval Service.

Secretary of the Navy

# Naval Diving and Salvage Training Center

*This is to certify that*

GMG1 (DV) STEVE NOLIN, USN

*Has successfully completed the prescribed course for*

SALVAGE CONSTRUCTION DEMOLITION DIVER

*at the Naval Diving and Salvage Training Center and is therefore qualified to disport himself among the denizens of the deep, mermaids and other inhabitants of the realm of Neptune.*

*Date* 14 NOVEMBER 1991

UNITED STATES NAVY ★ CHIEF OF NAVAL TECHNICAL TRAINING

T. B. STARK, CDR, USN
*Commanding Officer*



# Naval Diving and Salvage Training Center

*This is to certify that*

GMC1 STEVE D. NOLIN, USN

*Has successfully completed the prescribed course for*

DIVER FIRST CLASS

*at the Naval Diving and Salvage Training Center and is therefore qualified to disport himself among the denizens of the deep, mermaids and other inhabitants of the realm of Neptune.*

*Maximum Depth Attained on Air* 190 *Feet.*

*Maximum Depth Attained on* $HeO_2$ 300 *Feet.*

*Date* 7 NOVEMBER 1990

[signature]
A. P. MCCAMPBELL, CDR, USN
*Commanding Officer*

DEPARTMENT OF THE NAVY
EXPLOSIVE ORDNANCE DISPOSAL MOBILE UNIT SIX
NAVAL WEAPONS STATION
CHARLESTON, SOUTH CAROLINA 29408-7002

1650
Ser N1/787
19 SEP 1990

From: Commanding Officer, Explosive Ordnance Disposal Mobile Unit SIX
To: GMG1(DV) Steve D. Nolin, USN, 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
Via: Commanding Officer, Naval Diving and Salvage Training Center

Subj: HUMANITARIAN SERVICE MEDAL

Ref: (a) COMNAVBASE Charleston NAVGRAM 1650 Ser N1/1525 of 24 24 Aug 90

Encl: (1) Humanitarian Service Medal

1. Reference (a) authorized approval for awarding of the Humanitarian Service Medal provided at enclosure (1).

2. You are hereby authorized to wear the Humanitarian Service Medal for your personal efforts in disaster relief projects during the aftermath of Hurricane Hugo. Congratulations on a job Well Done!

R. J. NAGLE

Copy to:
Service Record

State of South Carolina Military Department



# CERTIFICATE OF APPRECIATION
## TO

GMG1 (DV) STEVE D. NOLIN
Explosive Ordinance Disposal Mobile Unit Six
Naval Weapons Station, Charleston, S.C.

In appreciation for your participation in the volunteer diving efforts during period 14-19 February 1990 at Montecello Reservior, Montecello, South Carolina in trying to locate two young men that drowned on 16 December 1989. The families and the South Carolina National Guard are most grateful for your efforts.

26 February 1990

T. Eston Marchant

Major General South Carolina Army National Guard
The Adjutant General of South Carolina




Naval Air Technical Training Center, Millington

# Certificate of Completion

*Presented To*

GMG1 (DV) Steve D. Nolin, USN, 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

*For Satisfactory Completion of the*

Group-Paced Instructor Course

14 December 1990
Date

T. W. FINTA, CAPTAIN, USN
Commanding Officer


7546 COPIER

NATTC MIL 1650/6 (REV. 11-86)



CHIEF OF NAVAL TECHNICAL TRAINING

The Secretary of the Navy takes pleasure in presenting the NAVY ACHIEVEMENT MEDAL to

GUNNER'S MATE FIRST CLASS
STEVEN DRAYTON NOLIN
UNITED STATES NAVY

for service as set forth in the following
CITATION:

"For professional achievement in the superior performance of his duties while serving as a High Risk Training Instructor at Naval Diving and Salvage Training Center, Panama City, Florida, from January 1991 to December 1993. Petty Officer Nolin resourcefully managed a $45,000 training budget, ensuring procurement of all necessary training material for the new Salvage/Construction Demolition Diver course. Displaying superlative initiative during the upgrade of two demolition ranges, he saved the U.S. Government over $100,000 in construction expenditures. He provided the highest quality demolition training to 379 officer and enlisted personnel, resulting in the Navy's high state of readiness in salvage construction demolition divers. Petty Officer Nolin's exceptional professionalism, initiative and loyal devotion to duty reflected great credit upon himself and were in keeping with the highest traditions of the United States Naval Service."

For the Secretary,

R. G. JONES, JR.
Rear Admiral, U.S. Navy
Chief of Naval Technical Training

# Americus High School

Americus, Georgia

## Steve Drayton Nolin

having completed in a satisfactory manner the regular Course of Study as prescribed for the High School Department is entitled to receive this

## Diploma

by order of The Board of Education




May 29, 1980
Date of Award

Principal

Superintendent

Chairman Board of Education