IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LISA BARNETTE, et al.,       )
                             )
    Plaintiffs,              )
                             )
vs.                          ) CASE NO. 3:05-cv-473-T
                             )
CITY OF PHENIX CITY, et al., )
                             )
    Defendants.              )

## JARROD BARR'S ANSWERS AND RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

1. State the full name, age, address and present position of each person or persons answering this discovery providing this defendant's driver's license number and state, social security number and date of birth.

    Answer:   Jarrod Barr, 28, 2506 10th Avenue, Phenix City, Alabama 36867, Sergeant Investigator, AL 6157498, 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, 5/24/77.

2. With the exception of legal counsel, identify all your agents, fellow employees, family members, friends, fellow law enforcement and representatives who are familiar with or have knowledge of any of the material facts given in answer to these interrogatories, referring to the interrogatory response to which such person has knowledge.

    Answer:   Just those present at the time of the incident in question.



PLAINTIFF'S EXHIBIT 5

RECEIVED
NOV 0 4 2005
BY:_____

3. Have you had any conversation with any person, other than your legal counsel, regarding any information, facts, subject matter or otherwise, related to this lawsuit. If so, please give the name of the person with whom you spoke, the substance of the conversation and the date of the conversation.

    Answer:    Not that I recall.

4. Please provide an accounting of all training you have received related to your job in law enforcement, giving the dates and places of said training including certificates of completion received.

    Answer:    Police academy and also see training certificate(s).

5. Provide copies of any warrants for the arrest of Kenneth Dean Thrower (d.o.b. 3/13/72) in your possession or available to you.

    Answer:    See information provided with case file.

6. All communications logs, incident reports, offense reports, radio communications, radio use logs, supplemental offense reports, affidavits, complaints, warrants, arrest reports, email messages, call slips, notes, internal memoranda, letters, internal reports, news releases, and any and all other writings or recording of whatever character or kind, on whatever media generated or maintained, relating in any way to the arrest of Plaintiffs,

detention of Plaintiffs, seizure of property and forced entry of Plaintiffs' home, or relating in any way to the subject matter of the Complaint.

Answer:    See case file for number SL0500784 from Russell County Sheriff's Office.

7. To the extent not provided in response to request # 6, all statements taken from witnesses in this case including fellow law enforcement officers.

Answer:    I did not take any statements.

8. To the extent not provided in response to request # 6, provide any documents, logs; files (whether electronic or otherwise), calendars, diary, records, radio logs, radio tapes or otherwise maintained by Defendant evidencing contact by this Defendant with Plaintiffs.

Answer:    See number 6 above.

10. Provide any statements, documents, diaries, radio communication, notices, memoranda or other documents or writings in your possession related to the arrest of Kenneth Dean Thrower sent to you or any other defendant in this case.

Answer:    None.

11. Provide the full names and current whereabouts of any law enforcement officers who where present at Plaintiffs' residence on February 10, 2005, at the time described in the complaint.

Answer: All of those named in the lawsuit except for Warren McLaughlin, Terrance Walker and Curtis Mitchell, who were not present.

12. Please relate any information you had as of February 10, 2005 relevant to any four-wheeler all-terrain recreational vehicles located at 3 Chapman Street, Phenix City, Alabama 36869.

Answer: I observed the four-wheeler in a building outside the residence and turned the matter over to Lt. Heath Taylor with the Russell County Sheriff's Office.

13. Provide your understanding of your department's policy regarding warrantless forced entry of homes owned and occupied by parties other than criminal suspects.

Answer: It is my understanding that we may enter a home without a warrant in hot pursuit of a felony suspect. Prior to entering, we would knock and announce if there was no one outside the dwelling such as in the yard or on a porch, etc.

14. Provide copies of any and all written policies, directives, or instructions of your department regarding warrantless forced entry of homes owned and occupied by parties other than criminal suspects.

Answer: This would have to be provided by the Phenix City Police Department.

15. Please describe in detail your recollection of the events of February 10, 2005 related to the forced entry at 3 Chapman Street, Phenix City, Alabama, beginning with the first moment you realized that you would be visiting said address.

Answer: Some members of the Phenix City SRT, along with some members of the Russell County SRT were already assembled due to a previous search warrant on the same day. We were advised that the subject had warrants on him and was supposed to be inside #3 Chapman Street. We were also advised that the subject was supposed to be armed. The decision was made by Team Leaders that entry would be forced and dynamic. Upon arrival at the residence, Officers forced entry using a ram and a flash bang was deployed. I was about fourth or fifth in the stack that made entry. Officers peeled off into the living room area and then the dining/kitchen area. This left me first in the stack I turned left and proceeded down the hallway. I observed a middle aged white female exit the far left bedroom and look down the hall, I told her to put her hands where I could see them. She then went back into the same room she had exited. I then came to a room on my left and entered that room. It appeared to be a bedroom, but was not occupied. I then proceeded to the back bedroom on the left and assisted Officer Coreano finish clearing this room.

There was a white female lying on the floor in the room. Once the room was cleared, she was allowed to sit up. She then stated that she had heart problems. She was asked if she needed an ambulance and she replied "no". She was then assisted up and allowed to sit on the bed. I then left the residence and assisted other Officers in searching some sheds that were in the rear of the residence. Some four-wheelers were located in the sheds that were missing ignitions. Lt. Taylor was notified of this and the matter was turned over to him. The team then left the area.

16. Please describe in detail all your actions and whereabouts while acting as a law enforcement officer on February 10, 2005, giving the time and place of each individual event. (For example, if dispatched calls were involved please state the time, address and persons involved in the event, if warrants and arrests were effected please list the names of the persons arrested, the place searched, the property seized giving the time, place and persons involved in the event.)

Answer:    See number 15 above.

17. Produce copies of all responses you or your attorneys have received — or will receive throughout the pendency of this case — in response to subpoenas issued to third parties. This is a continuing request.

Answer: These will be produced if the same are received and are not otherwise objectionable.

18. To the extent the documents and things have not been provided in response to the above requests, produce any and all other documents and things relating in any way to the subject matter of this case.

Answer: This request is objectionable and objected to on the grounds that it is overly broad, vague, indefinite and requires the Defendant to determine whether or not a particular item relates "in any way" to the subject matter of this case.

19. Please provide any tape recorded or otherwise recorded conversations or statements that you intend to use at any time throughout the course of this case.

Answer: This Defendant has no such items.

The signature of the individual Defendant below contains a verification only to the answers to Interrogatories. Defendant is not verifying or swearing to the responses to the Request for Production of Documents as the same is not required by Rule.

_____
JARROD BARR

STATE OF ALABAMA      )
                      )          VERIFICATION
COUNTY OF RUSSELL     )

    Personally appeared before me, the undersigned, Jarrod Barr, who on oath states that the facts set forth in the foregoing Answers to Interrogatories, are true and correct to the best of his knowledge and belief.

_____
JARROD BARR

    Sworn to and subscribed before me this 26th day of October, 2005.

_____
NOTARY PUBLIC, STATE OF ALABAMA
AT LARGE
MY COMMISSION EXPIRES: 3|24|09

_____
JAMES R. McKOON, JR. (MCK020)
P. O. Box 3220
Phenix City, Alabama 36868-3220
(334) 297-2300

OF COUNSEL:
JAMES P. GRAHAM, JR.
P. O. Box 3380
Phenix City, Alabama 36868-3380
(334) 291-0315

## CERTIFICATE OF SERVICE

I hereby certify that on _Nov. 3, 2005_, I mailed the foregoing documents through the United States Postal Service, postage prepaid, and property addressed to the following individuals:

Jay Lewis, Esq.
K. Anderson Nelms, Esq.
P. O. Box 5059
Montgomery, Alabama 36103

Richard Hill, Jr., Esq.
Kendrick E. Webb, Esq.
P. O. Box 240909
Montgomery, Alabama 36124

_____
OF COUNSEL

# Training/Education

\_\_\_\_ Certificates of Attendance/Completion of Training

\_\_\_\_ Diplomas

# Public Agency Training Council

## National Criminal Justice
### CERTIFICATE OF ATTENDANCE

# Jarrod Barr

Has completed 24 hours in

## Kinesic Interview®, Phase I

Dothan, AL
5/2/2005 through 5/4/2005

Dan Sosnowski
*Instructor*

South Carolina 047
Indiana 35-1639066

James R. Alsup
*Director*

*"Dedicated to Setting Training Standards"*



Sponsored by:
District Attorney's Office, 3rd Judicial Circuit;
Conducted by Forensic Science and Alabama
Ethics Commission.

# Office of the District Attorney
## Third Judicial Circuit
### Barbour - Bullock Counties

**Certificate of Completion**

Be it known that

*Sergeant Jarrod Barr*

Attended all of the sessions and completed the work and study requirements for Homicide and Suicide investigation, Preservation and collection of evidence DNA analysis and How to avoid Ethic violation which was offered by the District Attorney's Office

this _28th_ day of _April_ 20_05_

6 Credit Hours

_Ben C. Reeves, Jr._
District Attorney

_Stephen Boudreau, MD_, State Medical Examiner
Course instructor

_Pete Macchia_, Forensic Scientist, DNA Specialist
Course instructor

_David Green_, Special Agent, Alabama Ethics Commission
Course instructor