IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LISA BARNETTE, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Case No. 3:05-CV-473-WKW |
| | * | |
| CITY OF PHENIX CITY, et al., | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFFS' SUPPLEMENT TO THEIR RESPONSES TO
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

COME NOW Plaintiffs, by and through their attorney of record, and submits the following facts from Exhibit "1" to Len Wills' affidavit (and for convenience sake, from Taylor's affidavit and Goodrich's affidavit) and the resultant argument, to supplement their responses to the defendants' motions for summary judgment.

**I. STATEMENT OF MATERIAL FACTS**

1. At the bottom of Exhibit "1," the Georgia arrest warrant for Kenneth Thrower, the facsimile time-stamp states: "02/10/2005 **12:39** 7066593471 COLUMBUS POLICE DEPT PAGE 01." (Defendants' Exhibit A, Affidavit of Len Wills, Exhibit "1") (bold added).

2. Len Wills stated he initially spoke with Lieutenant Osteen of the Russell County Sheriff's Department, informed him of the situation and "I faxed a copy of the arrest warrant, [sic] to the Russell County Sheriff's Office." (Defendants' Exhibit A, Affidavit of Wills, ¶ 6; Defendant Taylor and Goodrich brief, p. 3).

3. Heath Taylor testified that when he was initially contacted by Wills regarding Mr. Thrower, he "received a copy of the Georgia arrest warrant which Officer Wills had faxed to my office." Taylor was also told that Thrower was believed to be at his mother's address in Russell County. Taylor then "immediately instructed Russell County Sheriff's Investigator Grover Goodrich to take the Georgia warrant to a Russell County Circuit Court judge and have the warrant domesticated as a fugitive warrant." (Defendants' Exhibit C, Affidavit of Heath Taylor, ¶ 3).

4. Grover Goodrich testified that he was "instructed by ...Taylor to take a Georgia warrant to a Russell County Circuit Court judge and have the warrant domesticated as a fugitive warrant....Pursuant to those instructions, I had a fugitive warrant prepared by Sheriff's Department administrative personnel, and proceeded to the Russell County Courthouse in search of a judge to sign the warrant." Goodrich stated he "arrived at the Russell County Courthouse close to *lunch time* and there were no judges in the building. As I was aware of the time-sensitive nature of the situation, I searched several nearby restaurants in an attempt to locate a judge. Upon returning to the Courthouse, I found that Judge Johnson had returned from lunch early, and got the warrant signed. I then notified Lieutenant Taylor via cell phone that I had a signed warrant in hand, and proceeded to Lieutenant Taylor's location [at the Barnette residence]. (Defendants' Exhibit D, Affidavit of Grover Goodrich, ¶ ¶ 3, 4 and 5) (italics added).

## II.  LEGAL ARGUMENT

### B.  ARGUMENT-QUALIFIED IMMUNITY

The facsimile time-stamped copy of the Georgia arrest warrant is further evidence that an

arrest warrant for Mr. Thrower did not exist prior to the defendants forceful and dynamic entry into the Barnettes' home. The arrest warrant was faxed on February 10, 2005, at 12:39 p.m. Len Wills stated he initially spoke with Lieutenant Osteen of the Russell County Sheriff's Department, informed him of the situation and faxed a copy of the arrest warrant to the Russell County Sheriff's Office.

Heath Taylor testified that when he was initially contacted by Wills regarding Mr. Thrower, he received a copy of the Georgia arrest warrant which Officer Wills had faxed to his office. Taylor then *immediately* instructed Grover Goodrich to take the Georgia warrant to a judge and have the warrant domesticated.[1]

Goodrich testified that he was instructed by Taylor to have the arrest warrant domesticated. Goodrich had a fugitive warrant prepared by Sheriff's Department administrative personnel, and proceeded to the courthouse in search of a judge to sign the warrant. Goodrich stated that he arrived at the courthouse close to *lunch time* and there were no judges in the building. Finally a judge had returned from lunch early, and Goodrich had the warrant signed.

This new evidence that the arrest warrant was not faxed until 12:39 p.m. does not coincide with Wills, Taylor and Goodrich's testimony. Wills had faxed the arrest warrant prior to Mr. and Mrs. Thrower speaking on the phone from the Barnette home at approximately 9:15 a.m. After receipt of the faxed copy, Taylor immediately gave it to Goodrich to have domesticated. Goodrich did not arrive at the courthouse until close to lunch-time, yet the arrest warrant was not faxed until 12:39 p.m. Additionally, the defendants did not enter the Barnettes' home until approximately 12:15 p.m to 12:45 p.m. Either there was no arrest warrant prior to

---

[1] The defendants have never produced a copy of the alleged domesticated arrest warrant.

entering the Barnettes' home, or the defendants were able to receive the faxed warrant, assign the warrant to be domesticated, prepare the domestication paperwork, arrive at the courthouse and wait for a judge to return so that he could sign the warrant all within six minutes.  Given the incongruity of the testimony and the documentary evidence, Plaintiffs assert this is further evidence that no arrest warrant existed prior to the defendants unconstitutional entry into the Barnettes' home.

      RESPECTFULLY SUBMITTED on this the __6th__ day of June, 2007.

      /s/ CAROL GERARD
      Carol Gerard
      Law Offices of Jay Lewis, LLC
      P.O. Box 5059
      Montgomery, AL 36103
      (334) 263-7733 (Voice)
      (334) 832-4390 (Fax)
      carolgerard@JayLewisLaw.com
      ASB-1075-L66G

## CERTIFICATE OF SERVICE

      I hereby certify that on June 6, 2007, I electronically filed with the Clerk of the Court the foregoing document through the CM/ECF system, which will send notification of such filing to the following individuals:

Kendrick E. Webb, Esq.
Scott W. Gosnell, Esq.
Ronald G. Davenport, Esq.
R. Brett Garrett, Esq.

      /s/ CAROL GERARD
      OF COUNSEL