IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LISA BARNETTE, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE NO. 3:05-cv-473-WKW |
| | * | |
| CITY OF PHENIX CITY, et al., | * | |
| | * | |
| Defendants. | * | |

**REPLY OF DEFENDANTS CITY OF PHENIX CITY, ALABAMA, GREG LAHR, TERRANCE WALKER, MICHAEL BAILEY, STEVE NOLIN, CURTIN MITCHEL, LUIS COREANO, WARREN McLAUGHLIN AND JARROD BARR IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

COME NOW the Defendants, City of Phenix City, Alabama, Greg Lahr, Terrance Walker, Michael Bailey, Steve Nolin, Curtin Mitchell, Luis Coreano, Warren McLaughlin and Jarrod Barr, and offer the following in reply to Plaintiffs' response to these Defendants' motion for summary judgment.

**I.    INTRODUCTION**

On April 20, 2007, these Defendants filed a motion for summary judgment and supporting brief arguing that summary judgment is due to be granted in this matter because the Defendants acted reasonably in entering Plaintiffs' premises in search of Kenneth D. Thrower on February 10, 2005. (See Doc. No. 49). Specifically, the Defendants are entitled to qualified immunity from Plaintiffs' Fourth Amendment claims because exigent circumstances existed which validated entry into Plaintiffs' residence in an attempt to apprehend Mr. Thrower, a suspected child molester. (Id.)

1

The Plaintiffs agree that all claims alleged against the Defendants under the Fifth Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1985 and 1986 are due to be dismissed. (See Doc. No. 62). As such, the only claims that remain before the Court for adjudication are Plaintiffs' claims under 42 U.S.C. § 1983 for unlawful search and seizure and excessive force under the Fourth Amendment, the Plaintiffs' various state law claims, and a claim for declaratory judgment under 42 U.S.C. § 1988 and Ala. Code § 6-6-220(a). (Id.) The Plaintiffs concede that the City of Phenix City, Alabama is due to be dismissed from this action as a named Defendant. (Id.)

The Plaintiffs' responses regarding the application of qualified immunity to their various state law claims and claim for declaratory judgment under 42 U.S.C. § 1988 and Ala. Code § 6-6-220(a) merit no reply as these issues are adequately briefed in Defendants' pending motion.

## II. ARGUMENT

As demonstrated herein--and in their brief currently pending before the Court-- the Defendants are entitled to summary judgment. The Plaintiffs have failed to prove that the Defendants violated their constitutional rights as necessary to overcome that protection afforded them by qualified immunity.

A. **THE DEFENDANTS DID NOT VIOLATE PLAINTIFFS' CONSTITUTIONALLY PROTECTED RIGHTS.**

The Plaintiffs maintain that the Defendants are not entitled to qualified immunity because they acted unreasonably in entering Plaintiffs' residence in search of Mr. Thrower. (See Doc. No. 62). The Plaintiffs contend that objectively reasonable police officers placed in a similar position to the Defendants on the date in question, operating under the same or similar circumstances, would not have believed it was lawful to enter and search Plaintiffs' premises based on the existence of exigent circumstances. (Id.)

In an effort to avoid summary judgment, Plaintiffs attempt to create a fact question by arguing that Lt. Taylor (1) incorrectly interpreted information regarding Mr. Thrower's activities on the date in question by finding the existence of exigent circumstances, and (2) that Lt. Taylor had no probable cause to command entry into Plaintiffs' residence based on the timing of his receipt of an arrest warrant for Mr. Thrower from the State of Georgia. (See Doc. No. 62).

The Plaintiffs argue that the Defendants' motion is due to be denied because Lt. Taylor's interpretation of the circumstances surrounding the entry was improper. (Id.) The Plaintiffs confuse the applicable standard for determining whether the Defendants acted reasonably in entering Plaintiffs' premises.

In contradiction to Plaintiffs' assertion, the Defendants' decision to enter Plaintiffs' residence is not scrutinized based on the validity of Lt. Taylor's judgment of those circumstances surrounding the entry. The Defendants are judged, instead, upon whether it was reasonable for them to believe exigent circumstances existed based upon that information provided to them by Lt. Taylor. The Defendants were not privy to

information regarding Mr. Thrower's activities; and, as such, the Defendants are judged only with regard to whether it was reasonable to believe the information provided to them by Lt. Taylor was valid.

i. **THE DEFENDANTS ACTED REASONABLY IN ENTERING PLAINTIFFS' RESIDENCE BASED ON THAT INFORMATION PROVIDED TO THEM BY LT. TAYLOR.**

An officer will be entitled to qualified immunity if his actions were objectively reasonable; that is, if an objectively reasonable officer in the same situation could have believed it was lawful to enter and search Plaintiffs' premises without a search warrant. See Anderson v. Creighton, 483 U.S. 635, 638-41 (1987). It is well established that when a police officer makes an arrest on the basis of oral statements by fellow officers, an officer will be entitled to qualified immunity from liability in a civil rights suit for unlawful arrest or search provided that it was "objectively reasonable" for him to believe, on the basis of the statements, that probable cause existed. See Rogers v. Powell, 120 F.3d 446 (3d Cir. 1997).

The majority of Plaintiffs' argument in response to Defendants' motion--eight of twelve pages--is devoted to creating factual discrepancies regarding the reasonableness of those actions taken by Lt. Taylor in ordering the entry in question. (Id.) While the Defendants certainly believe Lt. Taylor acted reasonably in determining that exigent circumstances existed validating entry into Plaintiffs' residence, the reasonableness of the Defendants' conduct in entering the premises is not determined by analyzing Lt. Taylor's judgment. Instead, the Defendants are judged upon whether it was reasonable for them to rely on that information provided by Lt. Taylor. Obviously, since the Defendants were not in a position to ascertain for themselves the information regarding Mr. Thrower's

activities, the Defendants can be held liable for violating the Plaintiffs' constitutional rights if, and only if, their interpretation of that information provided to them by Lt. Taylor was unreasonable. (See Doc. No. 49 at p. 6). (citations omitted).

The Defendants were informed by Lt. Taylor prior to entry (1) that Mr. Thrower had been charged with sexually molesting his daughter (a fact undisputed in this litigation)[1], (2) that Mr. Thrower fled to Russell County, Alabama subsequent to learning of the change (undisputed)[2], (3) that an arrest warrant had been issued and domesticated for his arrest (undisputed)[3], (4) that Mr. Thrower had family members living in Russell County (undisputed)[4], (5) that Mr. Thrower's mother and sister lived on Highway 80 in Russell County (undisputed)[5], (6) that Mr. Thrower had been located/discovered at the Plaintiffs' address by his wife (undisputed)[6], and (7) that Mr. Thrower was armed and/or had access to a number of firearms (undisputed)[7].

Based on the validity of the information provided to the Defendants by Lt. Taylor, there is no evidence establishing that it was unreasonable for the Defendants to rely on this information in concluding that exigent circumstances existed validating entry into

---

[1] (See Affidavit of Len Wills, attached to Defendants brief as Ex. "A").

[2] (Id.)

[3] The Plaintiffs take issue with regard to whether Lt. Taylor received a properly domesticated arrest warrant prior to ordering entry into Plaintiffs' residence in search of Mr. Thrower. However, as it relates to these Defendants, this distinction is irrelevant. The Defendants were given no reason to question Lt. Taylor's actions in securing a domesticated arrest warrant, or, in the alternative, his determination regarding the existence of exigent circumstances.

[4] (Id.)

[5] (Id.)

[6] (Id.)

[7] The Plaintiffs go to great lengths to argue that it was unreasonable for the Defendants to believe Mr. Thrower was a threat to use firearms. (See Doc. No. 62 at p. 7). However, Mr. Thrower's sister, Mrs. Barnette, has testified only that she did not know her brother to carry weapons on his person *regularly*. (Id.) Moreover, while it may or may not be true that Mr. Barnette kept his weapons cache locked, certainly the Defendants had no way to know whether Mr. Thrower had access.

Plaintiffs' residence. Again, the Defendants are not judged by Lt. Taylor's interpretation of the information available to him, but, rather, upon whether the information provided by Lt. Taylor was objectively reasonable. See Rogers, supra.

Since all of the information provided to the Defendants was accurate, the Defendants were justified in relying upon that information in finding exigent circumstances under the circumstances.

| ii. | **THE DEFENDANTS DID NOT USE EXCESSIVE FORCE IN ENTERING PLAINTIFFS' RESIDENCE.** |

The Plaintiffs argue that the Defendants used unreasonable/excessive force in entering their residence by (1) failing to "knock and announce" their presence before entering, and (2) by utilizing a flash grenade upon entering the residence. (See Doc. No. 62 at p. 17). These arguments are simply unfounded. The Defendants have adequately briefed their position with regard to proper use of a flash grenade, and, as such, add nothing additional in this regard. (See Doc. No. 49 at pp. 13-19). However, with regard to the Defendants announcing their presence prior to entry, the Defendants have offered the affidavit testimony of Officer Michael Bailey who has testified as follows.

> On February 10, 2005, I was acting as a member of the SWAT team that entered Plaintiffs' residence in search of David Thrower. In order to gain entry, members of the SWAT team formed a column outside the front door of the Plaintiffs' residence. I assumed the lead position. After the column had fully assembled, a member of the column to my rear moved forward to the door, announced the presence of the SWAT team, and knocked three times. I estimate that the announcement and subsequent knocking lasted four seconds. After knocking, the officer retreated to his place in the column to my rear. I approximate that I waited an additional four seconds for a response from within the house. After receiving no response, I used a hand ram to gain access. The entry column proceeded past me into the house. I estimate that eight seconds passed between the time of announcement and entry.

(See Ex. "E" to Doc. No. 49).

Officer Bailey's testimony clearly establishes that the Defendants knocked on Plaintiffs' door and announced their presence prior to entering, but received no response. (Id.) Alabama law clearly provides that inaction by a house's inhabitants after an officer's announcement constitutes "constructive refusal" and permits an officer's forcible entry. "There is no set time in which an officer must wait before he uses force to gain entry under the knock and announce statute." See Shaneyfelt v. State, 494 So. 2d 804 (Ala. Crim. App. 1986). While constructive refusal is determined on a case by case basis, Courts have found constructive refusal to exist after *very* short periods of time. See United States v. Garcia, 983 F.2d 1160 1168 (1st Cir. 1993) (constructive refusal permitted forced entry after police waited ten seconds after knocking); United States v. Markling, 7 F.3d 1309, 1318 (7th Cir. 1993) (constructive refusal after seven seconds when entry to motel room sought); United States v. Lucht, 18 F.3d 541, 549 (8th Cir.) (constructive refusal after twenty seconds), cert. denied, 130 L. Ed. 2d 316, 115 S. Ct. 363 (1994).

Contrary to Plaintiffs' argument in response to Defendants' motion, it was certainly reasonable for the Defendants to find constructive refusal having received no response from within the house for approximately eight seconds.

### III.   CONCLUSION

The Defendants are not bound by the reasonableness of Lt. Taylor's interpretation of those events surrounding Mr. Thrower's apprehension. The Defendants are judged only by their reasonable interpretation of that information provided to them to which they had no direct involvement in gathering. The evidence in this case shows that the

Defendants were justified in relying on that information gathered by Lt. Taylor. Indeed, as discussed above, all the information provided to the Defendants proved accurate and reliable.

The Defendants did not use excessive force in entering the Plaintiffs' residence. The only testimony before the court establishes that the Defendants knocked and announced their presence eight seconds prior to entering under constructive refusal.

The Defendants adopt all other arguments not addressed herein as raised in their motion currently pending before the Court.

Respectfully submitted this the 28th day of June, 2007.

*s/ Ronald G. Davenport*
*s/ R. Brett Garrett*
RONALD G. DAVENPORT (DAV044)
R. BRETT GARRETT (GAR085)
Attorneys for Defendants City of Phenix City, Officer Lahr, Officer Walker, Officer Bailey, Officer Nolin, Officer Mitchell, Officer Coreano, Officer McLoughlin and Officer Barr

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 481-0808 (fax)
bg@rsjg.com (email)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jay Lewis, Esq.
Keith Anderson Nelms, Esq.
LAW OFFICES OF JAY LEWIS, LLC
P. O. Box 5059
Montgomery, AL 36103-5059

C. Richard Hill, Jr., Esq.
Kendrick E. Webb, Esq.
Scott W. Gosnell, Esq.
WEBB & ELEY, P.C.
P. O. Box 240909
Montgomery, AL 36124

s/ R. Brett Garrett<br>OF COUNSEL