## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| LISA BARNETTE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:05-cv-473-DRB |
| ) | |
| PHENIX CITY, ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

### JOINT MOTION TO STAY PRE-TRIAL DEADLINES AND TRIAL

COME NOW all parties in the above-styled cause, and jointly move this Honorable Court to stay remaining pre-trial deadlines as well as the trial currently scheduled during trial term of July 31, 2007. As grounds therefor the parties state as follows:

1. All Defendants have asserted the defense of qualified immunity in their pending Motions for Summary Judgment.

2. The defense of qualified immunity is not merely a defense against liability; it is also a defense against the burdens of litigation. Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815-2816 (1985) (explaining that, "the entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."); Kjellsen v. Mills, 2006 WL 3544923, *3 (11th Cir. Dec. 08, 2006) (observing that, "[q]ualified immunity is not a defense to the merits of the action, but a privilege not to be subject to the burdens of litigation and trial.").

3. This Court will either grant or deny Defendants' Motions for Summary Judgment prior to the upcoming trial.

4. If some or all of the motions are <u>granted</u>, the trial scheduled for July 31, 2007 term will not go forward, at least as to those parties which were successful on summary judgment.

5. If, on the other hand, this Court <u>denies</u> some or all of Defendants' Motions for Summary Judgment and thereby <u>denies</u> their qualified immunity defense, the unsuccessful Defendants would have a right to pursue an interlocutory appeal to the Eleventh Circuit Court of Appeals, which the Defendants would give serious consideration.

6. The filing of an interlocutory appeal would immediately divest this Court of jurisdiction and work an automatic stay of any pending litigation. <u>See</u> <u>Apostol v. Gallion</u>, 870 F.2d 1335, 1338 (7th Cir. 1989) ("It follows that a proper <u>Forsyth</u> appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial.") (citation omitted); <u>Summit Medical Associates v. James</u>, 998 F. Supp. 1339 (M.D. Ala. 1998) (citing with approval <u>Apostol</u> and describing its holding as being "a stay of proceedings in the district court is required where a public official takes an interlocutory appeal to assert a non-frivolous claim to absolute or qualified immunity"); <u>Bryant v. Jones</u>, 2007 WL 113959, *4 (N.D. Ga. Jan. 20, 2007) (recognizing jurisdictional nature of interlocutory appeal of qualified immunity and granting defendant's motion to stay); <u>Marks v. Clarke</u>, 102 F.3d 1012, 1017 (9th Cir. 1996); <u>Duke v. Cartlidge</u>, 2006 WL 3335468, *1, n.3 (S.D. Miss. 2006) (acknowledging that stay had been granted pending deputy sheriff's interlocutory appeal on the issue of qualified immunity).

7. Given the fact that the trial may very well not go forward under either scenario (a grant or denial of summary judgment), all parties join in moving this Court to relieve them of this

Court's deadlines for the exchange of pre-trial disclosures, currently due Wednesday, July 11, 2007, and a Pretrial Order, currently due Monday, July 16, 2007.  The preparation of these materials in such a complex case as the instant one (which is anticipated to take several days to try) would create a waste of time and resources for both the parties and their counsel if the trial does not go forward either because summary judgment is granted or because after denial, an interlocutory appeal stays the proceedings.  Further, this Court has scheduled a Pre-trial conference for Wednesday, July 18, 2007.  Such a conference would be a waste of time for this Court, as well as the parties, for the reasons cited above.

8. In the interests of judicial economy and Rule 1 of the Federal Rules of Civil Procedure, the parties join in moving that the trial in this matter be continued generally and that the parties be relieved from all attendant trial deadlines imposed by order of this Court until receipt of a ruling on Defendants' Motions for Summary Judgment based upon qualified immunity.

9. Plaintiff's counsel and co-defense counsel has authorized the filing party to affix their signature block to this motion and file it as a joint motion.

WHEREFORE, PREMISES CONSIDERED, the parties jointly move this Court to continue the trial in this matter generally and that the parties be relieved from all attendant trial deadlines imposed by previous order of this Court.

Respectfully submitted this the 10th day of July, 2007.

| | |
|---|---|
| **s/Scott W. Gosnell**<br>KENDRICK E. WEBB<br>Bar Number: WEBBK1143<br>SCOTT W. GOSNELL<br>Bar Number: GOSNS0256<br>Attorneys for Defendants<br>WEBB & ELEY, P.C.<br>7475 Halcyon Pointe Road (36117)<br>P. O. Box 240909<br>Montgomery, Alabama  36124<br>Telephone:  (334) 262-1850<br>Fax:  (334) 262-1889<br>E-mail:  sgosnell@webbeley.com | **s/Jay Lewis**<br>JAY LEWIS, ESQ.<br>Bar Number: ASB-2014-E66J<br>Attorney for Plaintiff<br>LAW OFFICES OF JAY LEWIS, L.L.C.<br>P.O. Box 5059<br>Montgomery, Alabama  36103<br>Telephone:  (334) 263-7733<br>Fax:  (334) 832-4390<br>E-mail:  j-lewis@jaylewislaw.com |

**s/Ronald G. Davenport**
**s/R. Brett Garrett**
RONALD G. DAVENPORT
Bar Number:  DAV044
BRETT GARRETT, ESQ.
Bar Number:  GAR085
Attorneys for Defendants
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P.O. Box 270
Montgomery, Alabama  36101
Telephone:  (334) 206-3100
Fax:  (334) 481-0808
E-mail:  bg@rsjg.com