IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LISA BARNETTE, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE NO. 3:05-cv-473-WKW |
| | * | |
| CITY OF PHENIX CITY, et al., | * | |
| | * | |
| Defendants. | * | |

## MOTION TO STAY TRIAL AND TRIAL-RELATED DEADLINES

COME NOW Defendants City of Phenix City, Alabama, Greg Lahr, Michael Bailey, Steve Nolin, Luis Coreano, and Jarrod Barr, and move this Honorable Court to stay the November 26, 2007 trial date and remaining trial-related deadlines. As grounds therefore, Defendants state as follows:

1.  These Defendants asserted the defense of qualified and discretionary function immunity in, *inter alia*, their Motion for Summary Judgment.

2.  On November 6, 2007, the Court denied, in part, these Defendants' motion for Summary Judgment, rejecting their defenses of qualified immunity and discretionary function immunity with respect to certain claims of Plaintiffs.

3.  Contemporaneous with the filing of this Motion, these Defendants filed a Notice of Interlocutory Appeal challenging the Court's denial of qualified immunity and discretionary function immunity pursuant to 28 U.S.C. § 1291. See Mitchell v. Forsyth, 472 U.S. 511, 526-27, 105 S. Ct. 2806, 2815-2817 (1985) ("Accordingly, the reasoning that underlies the immediately appealability of an order denying absolute immunity indicates to us that the denial of qualified immunity should be similarly appealable: in

each case, the district court's decision is effectively unreviewable on appeal from a final judgment."); Id. at 530 ("[W]e hold that a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment.") and Sheth v. Webster, 145 F.3d 1231, 1235-36 (11th Cir. 1998).

    4.    The defense of qualified immunity is not merely a defense against liability; it is also a defense against the burdens of litigation. Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815-2816 (1985) (explaining that, "the entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."); Kjellsen v. Mills, 209 Fed. App'x. 927, 929 (11th Cir. 2006) (observing that, "[q]ualified immunity is not a defense to the merits of the action, but a privilege not to be subject to the burdens of litigation and trial.").

    5.    The filing of an interlocutory appeal pursuant to 28 U.S.C. § 1291 challenging the denial of qualified and discretionary function immunity immediately divests this Court of jurisdiction and works an automatic stay of any pending litigation with respect to Defendants. See Brent v. Ashley, 247 F.3d 1294, 1298 (11th Cir. 2001) (explaining that "[t]he district court's rejection of a qualified immunity defense is a 'final decision under the collateral order doctrine over which this court has jurisdiction pursuant to 28 U.S.C. § 1291.'") (citing Harris v. Bd. of Educ. Of the City of Atlanta, 105 F.3d 591, 594 (11th Cir. 1997); Summit Medical Associates v. James, 998 F. Supp. 1339, 1342-43 (M.D. Ala. 1998) (discussing reasons to grant stay pending interlocutory appeal of qualified immunity concluding that stay was required) (citing, with approval, Apostol

v. Gallion, 870 F.2d 1335 (7th Cir. 1989)); Bryant v. Jones, 2007 WL 113959, *4 (N.D. Ga. Jan. 10, 2007) (recognizing jurisdictional nature of interlocutory appeal of qualified immunity and granting defendant's motion to stay).

6. Any appeal to the Eleventh Circuit has the effect of divesting the district court of jurisdiction. See Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1251 (11th Cir. 2004) (Explaining that, "[a] *federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.*") (emphasis added). The Federal District Court for the Northern District of Georgia applied this reasoning to the context of qualified immunity in Bryant v. Jones, cited above.

7. Numerous other jurisdictions have addressed the issue as to whether the filing of an interlocutory appeal of qualified immunity divests the district court of jurisdiction and have concluded that it does. See Carty v. Rodriguez, 211 Fed. App'x. 292, 293 (5th Cir. 2006) (holding that, "[a] *district court's denial of a defense of qualified immunity is immediately appealable, and once an appeal is filed, the district court is divested of its jurisdiction to proceed against that defendant.*") (Emphasis added); Marks v. Clark, 102 F.3d 1012, 1017 (9th Cir. 1996); Apostol v. Gallion, 870 F.2d 1335, 1338 (7th Cir. 1989) (observing that, "It follows that a proper Forsyth appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial.") (citation omitted); Stewart v. Donges, 915 F.2d 572, 575 (10th Cir. 1990) (finding that filing of notice of appeal from denial of qualified immunity divests the district court

of all but tangential matters); Johnson v. Hay, 931 F.2d 456, 459 (8th Cir. 1991) (stating that "[o]nce a notice of appeal has been filed in a case in which there has been a denial of summary judgment motion raising the issue of qualified immunity, the district court should then stay its hand. Jurisdiction has been vested in the court of appeals and the district court should not act further.").

WHEREFORE, PREMISES CONSIDERED, Defendants City of Phenix City, Alabama, Greg Lahr, Michael Bailey, Steve Nolin, Luis Coreano, and Jarrod Barr move this Court to stay the pending trial date and all trial-related deadlines in this matter based on these Defendants' filing of a Notice of Appeal pursuant to 28 U.S.C. § 1291, Sheth v. Webster, 145 F.3d 1231, 1235-36 (11th Cir. 1998), and Mitchell v. Forsyth, 472 U.S. 511, 526-527, 530 105 S. Ct. 2806, 2815-2817 (1985), challenging this Court's denial of qualified and discretionary function immunity in its Order of November 6, 2007.

Respectfully submitted this the 13th day of November, 2007.

                                                s/ R. Brett Garrett
                                              RONALD G. DAVENPORT (DAV044)
                                              R. BRETT GARRETT (GAR085)
                                              Attorneys for Defendants City of Phenix City,
                                              Officer Lahr, Officer Bailey, Officer Nolin,
                                              Officer Coreano, and Officer Barr

Of Counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
PO Box 270
Montgomery, AL 36101-0270
334-206-3260 (telephone)
334-481-0808 (fax)
bg@rsjg.com (email)

## CERTIFICATE OF SERVICE

I hereby certify that on <u>November 13, 2007</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jay Lewis, Esq.
Keith Anderson Nelms, Esq.
LAW OFFICES OF JAY LEWIS, LLC
P. O. Box 5059
Montgomery, AL 36103-5059

C. Richard Hill, Jr., Esq.
Kendrick E. Webb, Esq.
Scott W. Gosnell, Esq.
WEBB & ELEY, P.C.
P. O. Box 240909
Montgomery, AL 36124

<u>s/ R. Brett Garrett</u><br>
OF COUNSEL