IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LISA BARNETTE, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No. 3:05-cv-473-DRB |
| | ) |
| PHENIX CITY, ALABAMA, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' HEATH TAYLOR AND GROVER GOODRICH'S MOTION TO STAY TRIAL AND TRIAL-RELATED DEADLINES**

COME NOW Defendants Heath Taylor and Grover Goodrich, and move this Honorable Court to stay the November 26, 2007, trial and remaining trial-related deadlines. As grounds therefore, Defendants Taylor and Goodrich state as follows:

1. Defendants Taylor and Goodrich asserted the defense of qualified immunity in, *inter alia*, their motion for summary judgment.

2. On November 6, 2007, the Court denied, in part, Taylor and Goodrich's motion for summary judgment, rejecting their qualified immunity defense with respect to certain claims of the Plaintiffs.

3. Contemporaneous with the filing of this Motion, Defendants Taylor and Goodrich filed a notice of interlocutory appeal challenging this Court's denial of qualified immunity pursuant to 28 U.S.C. § 1291. See Mitchell v. Forsyth, 472 U.S. 511, 526-27 (1985) ("Accordingly, the reasoning that underlies the immediate appealability of an order denying absolute immunity indicates to us that the denial of qualified immunity should be similarly appealable: in each case, the district court's decision is effectively unreviewable on appeal from

a final judgment."); Id. at 530 ("[W]e hold that a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment.").

4. The defense of qualified immunity is not merely a defense against liability; it is also a defense against the burdens of litigation. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (explaining that, "the entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."); Kjellsen v. Mills, 209 Fed. App'x. 927, 929 (11th Cir. 2006) (observing that, "[q]ualified immunity is not a defense to the merits of the action, but a privilege not to be subject to the burdens of litigation and trial.").

5. The filing of an interlocutory appeal pursuant to 28 U.S.C. § 1291 challenging the denial of qualified immunity immediately divests this Court of jurisdiction and works an automatic stay of any pending litigation with respect to Defendants. See Brent v. Ashley, 247 F.3d 1294, 1298 (11th Cir. 2001) (explaining that "[t]he district court's rejection of a qualified immunity defense is a 'final decision under the collateral order doctrine over which this court has jurisdiction pursuant to 28 U.S.C. § 1291.'") (citing Harris v. Bd. of Educ. of the City of Atlanta, 105 F.3d 591, 594 (11th Cir.1997); Summit Medical Associates v. James, 998 F. Supp. 1339, 1342-43 (M.D. Ala. 1998) (discussing reasons to grant stay pending interlocutory appeal of qualified immunity concluding that stay was required) (citing, with approval, Apostol v. Gallion, 870 F.2d 1335 (7th Cir. 1989)); Bryant v. Jones, 2007 WL 113959, *4 (N.D. Ga. Jan. 10, 2007) (recognizing jurisdictional nature of interlocutory appeal of qualified immunity and granting defendant's motion to stay).

6. Any appeal to the Eleventh Circuit has the effect of divesting the district court of

jurisdiction. See Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1251 (11th Cir. 2004) (Explaining that, "[a] *federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.*") (emphasis added). The Federal District Court for the Northern District of Georgia applied this reasoning to the context of qualified immunity in Bryant v. Jones, cited above.

7. The Eleventh Circuit, in an unpublished opinion, has previously granted the undersigned defense counsel, while representing different clients, a stay of trial when the district court attempted to require appearance at trial while an interlocutory appeal was pending. See May 18, 2001 Order in Russell v. Fleming, USCA No. 00-15101 (11th Cir. 2001) (attached hereto as Exhibit A); see also, Fleming's "Motion to Stay District Court's Order Setting Trial on May 22, 2001" (attached hereto as Exhibit B).

8. Numerous other jurisdictions which have addressed the issue as to whether the filing of an interlocutory appeal of qualified immunity divests the district court of jurisdiction and have concluded that it does. See Carty v. Rodriguez, 211 Fed. App'x. 292, 293 (5th Cir. 2006) (holding that, "[a] *district court's denial of a defense of qualified immunity is immediately appealable, and once an appeal is filed, the district court is divested of its jurisdiction to proceed against that defendant.*") (Emphasis added); Marks v. Clarke, 102 F.3d 1012, 1017 (9th Cir. 1996); Apostol v. Gallion, 870 F.2d 1335, 1338 (7th Cir. 1989) (observing that, "It follows that a proper Forsyth appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial.") (citation omitted); Stewart v. Donges, 915 F.2d 572, 575 (10th Cir. 1990) (finding that filing of notice of appeal from denial of qualified immunity divests the district court of

3

all but tangential matters); <u>Johnson v. Hay</u>, 931 F.2d 456, 459 (8th Cir. 1991) (stating that "[o]nce a notice of appeal has been filed in a case in which there has been denial of a summary judgment motion raising the issue of qualified immunity, the district court should then stay its hand. Jurisdiction has been vested in the court of appeals and the district court should not act further.").

WHEREFORE, PREMISES CONSIDERED, Defendants, Heath Taylor and Grover Goodrich, move this Court to stay the pending trial and all trial-related deadlines in this matter based on these Defendants' filing of a notice of appeal pursuant to 28 U.S.C. § 1291 and <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526-27, 530 (1985), challenging this Court's denial of qualified immunity in its Order of November 6, 2007.

Respectfully submitted this the 13th day of November, 2007.

s/Kendrick E. Webb
KENDRICK E. WEBB, Bar Number: WEBB022
SCOTT W. GOSNELL, Bar Number: GOS002
Attorneys for Defendants Goodrich and Taylor
WEBB & ELEY, P.C.
7475 Halcyon Pointe Road (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  sgosnell@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the **13th day of November, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **Jay Lewis, Esquire; Keith Anderson Nelms, Esquire; Frank Clements, Esquire; R. Brett Garrett, Esquire;** and **Ronald G. Davenport, Esquire.**

s/Kendrick E. Webb
OF COUNSEL

# EXHIBIT

# "A"

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

MAY 18 2001

THOMAS K. KAHN
CLERK

No. 00-15101-GG

JOSEPH A. RUSSELL, individually
and on behalf of all other
similarly situated persons,
JAMES E. WALLACE, individually
and on behalf of all other
similarly situated persons,

Plaintiffs-Appellees,

versus

GEORGE FLEMING, in his
individual and representative
capacity,
ARTHUR HARRIS, in his
individual and representative
capacity,

Defendants-Appellants.

---

On Appeal from the United States District Court for the
Northern District of Alabama

---

BEFORE: CARNES, MARCUS and WILSON, Circuit Judges.

BY THE COURT:

Appellants' motion to stay the District Court's Order setting trial pending resolution of this appeal is GRANTED.

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

May 18, 2001

MEMORANDUM TO COUNSEL OR PARTIES

RE: 00-15101-GG    Joseph A. Russell v. Bibb, The County
DC DKT NO.: 99-00669 CV-J-S

The following action has been taken in the referenced case:

The enclosed order has been ENTERED.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Debbie Cordell (404) 335-6166

MOT-2 (1-1999)

# EXHIBIT

# "B"

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

JOSEPH A. RUSSELL, )
 )
    Plaintiff/Appellee )
 )
v. ) CASE NO. 00-15101G
 )
GEORGE FLEMING and )
ARTHUR HARRIS, )
 )
    Defendants/Appellants )

## MOTION TO STAY DISTRICT COURT'S ORDER SETTING TRIAL ON MAY 22, 2001

COME NOW Defendants George Fleming and Arthur Harris and file this Motion to Stay District Court's Order Setting Trial on May 22, 2001. The Defendants' motion is based on the following:

1. This case is currently pending before this Court on interlocutory appeal from the district court's denial of qualified immunity to Defendants/Appellants.

2. On September 29, 2000, the district court entered an order staying proceedings before it due to Defendants' appeal.

3. On March 1, 2001, the district court entered an order setting a trial date of May 22, 2001.

4. Defendants filed a motion with the district court asking the court to continue the trial date of May 22, 2001 pending this appeal.

5. On April 25, 2001, the district court entered an order withholding ruling on the motion to continue. Trial, therefore, remains set for May 22, 2001. Because of the impending trial date and the district court's withholding ruling on the motion to continue,

Defendants/Appellants are forced to begin trial preparations including reviewing testimony with witnesses and issuing subpoenas to non-parties.

6. A district court's rejection of a qualified immunity defense is a final decision over which the Court of Appeals has jurisdiction. Brent v. Ashley, 2001 WL 396710 (11th Cir. 4/19/01). As a result, jurisdiction is divested of the district court upon a timely notice of appeal. See United States v. Vicaria, 963 F.2d 1412, 1415 (11th Cir. 1992). Because the district court is divested of jurisdiction, it cannot now issue orders setting trial.

WHEREFORE, PREMISES CONSIDERED, Defendants/Appellants request that this Court enter an order staying the trial setting of May 22, 2001.

Respectfully submitted this 1st day of May, 2001.

_____
KENDRICK E. WEBB
ROBBIE ALEXANDER HYDE

ATTORNEYS FOR DEFENDANTS
GEORGE FLEMING AND ARTHUR HARRIS

**OF COUNSEL:**

WEBB & ELEY, P.C.
Post Office Box 238
166 Commerce Street, Suite 300
Montgomery, Alabama 36101-0238
(334) 262-1850 Telephone
(334) 262-1772 Fax

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing Motion to Stay District Court's Order Setting Trial on May 22, 2001 upon:

> Richard R. Newton, Esq.
> Richard R. Newton Attorney at Law, P.C.
> Post Office Box 2483
> Tuscaloosa, Alabama 35403
>
> D. Tara Middleton, Esq.
> 2205 Fourth Street, Suite 23
> Tuscaloosa, Alabama 35401-1064

by placing a copy of the same in the United States Mail, postage prepaid, this 1st day of May, 2001.

_____
OF COUNSEL

FILED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

01 MAR -1 AM 8: 50

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOSEPH A. RUSSELL,

    PLAINTIFF,

v.

CASE NO.: CV-99-J-669-S

COUNTY OF BIBB, ALABAMA,
et al.,

    DEFENDANTS.

ENTERED

MAR 1 2001

## ORDER

This case is reset for trial on the 22nd day of May, 2001 at 9:00 a.m., in Birmingham, Alabama.

**DONE** and **ORDERED** this the ___1___ day of March, 2001

_____
UNITED STATES DISTRICT JUDGE
INGE P. JOHNSON

100

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 APR 23 PM 12:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JOSEPH A. RUSSELL and<br>JAMES E. WALLACE, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| V. | ) Civil Action No. CV-99-J-0669-S |
| GEORGE FLEMING and<br>ARTHUR HARRIS, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MOTION TO CONTINUE TRIAL DATE OF MAY 22, 2001

COME NOW Defendants George Fleming and Arthur Harris and file this Motion to Continue Trial Date of May 22, 2001. The Defendants' motion is based on the following:

1. On September 29, 2000, this Court granted the Defendants' Motion to Stay Trial Pending Interlocutory Appeal. This action is now pending before the United States Court of Appeals for the Eleventh Circuit after Defendants filed an interlocutory appeal based on qualified immunity.

2. The parties just have, at the end of March, completed briefing in this case. Appellants have also requested oral argument before the Eleventh Circuit.

3. Because this action remains pending before the Eleventh Circuit, Defendants request that this Court continue the trial date of May 22, 2001.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request this Court continue the trial date of May 22, 2001.

Respectfully submitted this 20th day of April, 2001.

_____
KENDRICK E. WEBB           (WEB022)
ROBBIE ALEXANDER HYDE      (ALE023)

ATTORNEYS FOR DEFENDANTS
GEORGE FLEMING AND ARTHUR HARRIS

OF COUNSEL:

WEBB & ELEY, P.C.
Post Office Box 238
166 Commerce Street, Suite 300
Montgomery, Alabama 36101-0238
(334) 262-1850 Telephone
(334) 262-1772 Fax

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing Motion to Continue Trial Date of May 22, 2001 upon:

>Richard R. Newton, Esq.
>Richard R. Newton Attorney at Law, P.C.
>Post Office Box 2483
>Tuscaloosa, Alabama 35403
>
>D. Tara Middleton, Esq.
>2205 Fourth Street, Suite 23
>Tuscaloosa, Alabama 35401-1064

by placing a copy of the same in the United States Mail, postage prepaid, this 20th day of April, 2001.

_____
OF COUNSEL

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 APR 26 AM 9:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

JOSEPH A. RUSSELL,

PLAINTIFF,

v.

CASE NO.: CV-99-J-669-S

GEORGE FLEMING, et al.,

DEFENDANTS.

ENTERED
APR 26 2001

### ORDER

The defendants having filed a motion to continue the trial date of May 22, 2001, and the court having considered said motion and finding that a ruling on said motion should be withheld pending possible action by the Eleventh Circuit Court of Appeals;

It is therefore **ORDERED** by the court that said the court **WITHHOLDS** its ruling on said motion at this time.

**DONE** and **ORDERED** this the 25 day of April, 2001

_____
UNITED STATES DISTRICT JUDGE
INGE P. JOHNSON

106